MICHAEL J. VIGLIOTTA, City Attorney (SBN 207630)
ANDREW KORNOFF, Sr. Deputy City Attorney (SBN 283626)
2000 Main Street, P.O. Box 190
Huntington Beach, CA 92648
Tel: (714) 536-5555; Fax: (714) 374-1590
Email:  Andrew.Kornoff@surfcity-hb.org

Attorneys for Defendants,
CITY OF HUNTINGTON BEACH and
ARTHUR VILLA JR.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY BAUER-OLDFIELD, Individually,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF HUNTINGTON BEACH, OFFICER ARTHUR VILLA JR., Individually; and DOES 1-10.<br><br>        Defendants. | Case No.: 8:24-cv-02700-CAS (JDEx)<br><br>**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) BY DEFENDANTS CITY OF HUNTINGTON BEACH AND ARTHUR VILLA JR.**<br><br>DATE:  April 14, 2025<br>TIME:  10:00 a.m.<br>CTRM:  8D – 350 W. First Street, Los Angeles, CA |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

        PLEASE TAKE NOTICE that on April 14, 2025 at 10:00 a.m. in Courtroom 8D of the United States District Court, located at 350 W. First Street, Los Angeles, California, Defendants, CITY OF HUNTINGTON BEACH, and OFFICER ARTHUR VILLA Jr ("Defendants") will and hereby do move this Court, pursuant

372985

to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing Plaintiff's Complaint with regard to the following claims, on the following grounds:

1. The First Cause of Action fails to state valid claims under 42 U.S.C. § 1983 because 1) The First Cause of Action fails to allege a legally cognizable claim; 2) The Complaint lacks sufficient factual detail to support a plausible claim.

2. The Second Cause of Action fails to state valid claims under 42 U.S.C. § 1983 because 1) The Second Cause of Action fails to allege a legally cognizable claim; 2) The Complaint lacks sufficient factual detail to support a plausible claim.

This Motion is based upon this Notice, the Memorandum of Points and Authorities attached hereto, the concurrently filed Request for Judicial Notice, this Court's file, and upon such further evidence and argument as may be presented at or before the hearing.

The parties met and conferred pursuant to Local Rule 7-3. Defense counsel sent correspondence to Plaintiff's counsel, Mr. Herman, on February 20 and 21, and also left a voicemail for Mr. Herman at approximately 9:30 a.m. on 2/21. The parties agreed to extend Defendants' time to file a responsive pleading until March 14, 2025.


DATED:  March 14, 2025          MICHAEL J. VIGLIOTTA, City Attorney


                                By: _____
                                    Andrew Kornoff, Sr. Deputy City Attorney
                                    Attorney for Defendants
                                    CITY OF HUNTINGTON BEACH and
                                    ARTHUR VILLA JR.

372985

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION.

Plaintiff alleges that Officer Arthur Villa Jr. ("Villa") sent her sexually explicit messages through social media and text messages after they met in December 2023. Plaintiff further alleges in very general terms a kind of conspiracy between unidentified police officers and members of the Huntington Beach Police Department where they allegedly conspired to harass Plaintiff and her unidentified friends. The caption of Plaintiff's complaint appears to list three causes of action, where as the body of the complaint only alleges two causes of action, which leads to further confusion as Defendants can only speculate as to what Plaintiff's claims actually are.

Plaintiffs' Complaint alleges the following specific claims for relief:

1.    Right to Petition Under First Amendment [42 U.S.C. § 1983];

2.    Interference of Civil Rights Through Acts of Violence, Threats of Violence, or Intimidation.

Defendants move to dismiss each cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6).

### II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true, to state a claim to relief that is plausible on its face. (*Ashcroft v. Iqbal*, (2009) 556 U.S. 662, 678).

A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. (*Federal Rules of Civil Procedure* Rule 8(a)(2)). Allegations in pleading should be reasonably adequate to permit preparation of responsive pleadings, and a complaint is

insufficient when a plaintiff fails to clearly delineate claims made in the complaint. (*Frank v. Mracek*, (1973) 58 F.R.D. 365, 367).

[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.] (*Bell Atl. Corp. v. Twombly*, (2007) 550 U.S. 544, 555).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (*Ashcroft at* 663).  While a complaint need not contain detailed factual allegations, it must offer more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. (*Id. at* 678).

Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (*Id.* at 678).  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." (*Id*. at 679).

### III.    ARGUMENT

#### A. <u>Plaintiff's Complaint Fails to Reasonably and Clearly Delineate the Claims</u>

Allegations in pleading should be reasonably adequate to permit preparation of responsive pleadings, and a complaint is insufficient when a plaintiff fails to clearly delineate claims made in the complaint. (*Frank v. Mracek*, (1973) 58 F.R.D. 365, 367).

Plaintiff's First Amended Complaint (the "Complaint") caption appears to list three causes of action: 1) Violation of Federal Constitutional Rights Under Color of State law (42 U.S.C. § 1983); 2) Violation of Bane Act (Cal. Civ. Code § 52.1); 3) Sexual Harassment by Police Officer.  The body of the Complaint, however, lists two causes of action: 1) Plaintiff's First Cause of Action for "Right to Petition Under First Amendment [42 U.S.C. § 1983]; and 2) Plaintiff's Second Cause of

1    Action for "Interference of Civil Rights Through Acts of Violence, Threats of

2    Violence, or Intimidation.

3        The Complaint is subject to dismissal as it fails to clearly delineate the

4    plaintiff's claims.  Paragraph 9 of the Complaint appears to contain at least two

5    purported causes of action, for violation of the Bane Act against the City of

6    Huntington Beach and against Officer Villa, however, these are not clearly

7    delineated as causes of action. (*Complaint at* ¶ 9).  Similar allegations for "violation

8    of the Bane Act…" appear in Paragraph 13 of the Complaint, however, it is unclear

9    as to whether these are intended to be separate causes of action from those in

10   Paragraph 9. (*Complaint at* ¶ 13).

11       Defendants should not be required to speculate about what the plaintiff's

12   claims are as the allegations should be reasonably adequate to permit preparation of

13   responsive pleadings, and a complaint is insufficient when a plaintiff fails to clearly

14   delineate claims made in the complaint. (*See Frank v. Mracek*, (1973) 58 F.R.D.

15   365, 367).  In this situation it would be reasonable for the Court to permit the

16   plaintiff to file an amended complaint to correct these issues.

17       **B.  The First Cause of Action Right to Petition Under First Amendment**

18       **Fails To State a Claim Upon Which Relief May Be Granted**

19       "To state a First Amendment retaliation claim, a plaintiff must plausibly

20   allege "that (1) he was engaged in a constitutionally protected activity, (2) the

21   defendant's actions would chill a person of ordinary firmness from continuing to

22   engage in the protected activity and (3) the protected activity was a substantial or

23   motivating factor in the defendant's conduct." (*O'Brien v. Welty*, (9th Cir. 2016) 818

24   F.3d 920, 932 (quoting *Pinard v. Clatskanie Sch. Dist*. 6J, 467 F.3d 755, 770 (9th

25   Cir. 2006)).  To "prevail on such a claim, a plaintiff must establish a 'causal

26   connection' between the government defendant's 'retaliatory animus' and the

27   plaintiff's 'subsequent injury.'" (*Nieves v. Bartlett*, (2019) 139 S. Ct. 1715, 1722).

28   Specifically, a plaintiff must show that the defendant's retaliatory animus was "a

372985

'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." (*Capp v. Cnty.* (9th Cir. 2019) of San Diego, 940 F.3d 1046, 1053).

The Complaint fails to establish a link between the protected activity of filing a complaint with the Huntington Beach Police Department regarding the alleged sexual harassment, and the alleged retaliation.  According to the Complaint, the alleged retaliation is that the "… Plaintiff was subjected to harassment by various officers of the Huntington Beach Police Department, including being stopped for no reason." (*Complaint at* ¶ 20).  These allegations are not attributed to Officer Villa, but are only vague allegations that unknown officers stopped her for "no reason". The Complaint goes on to describe that "[o]n one occasion on or about June 4, 2024, when her friends were coming to visit her, a Huntington Beach Police Officer vehicle/cruiser followed her friends in and out of the cul-de-sac to intimidate and to harass her." (*Complaint at* ¶ 21).  This is merely speculation and conjecture about the motive and intent of the unidentified officers, as the plaintiff alleges that she knows the thoughts of those officers without any other factual support. Furthermore, how would the officers know that these persons were associated with Plaintiff when they were on their way to see her?  Again, this is mere speculation. These are statements that merely attempt to create a suspicion of a legally cognizable right of action, which is insufficient and subject to dismissal with respect to all defendants.

### C. The Second Cause of Action Fails to State a Claim Upon Which Relief May Be Granted

"From its inception, the Bane Act's purpose has been to specifically target unlawful conduct motivated by discriminatory animus that interferes with the victim's enjoyment of statutory or constitutional civil rights." (*Venegas v. Cnty. of L.A.*, (2004) 32 Cal. 4th 820, 846).

1    "Section 52.1 provides a right to relief when someone "interferes by threats,

2    intimidation, or coercion ... with the exercise or enjoyment by any individual or

3    individuals of rights secured by the Constitution or laws of the United States, or of

4    the rights secured by the Constitution or laws of [California]." The elements of a

5    claim for relief thus include (1) an act of interference with a legal right by (2)

6    intimidation, threats or coercion." (*Jones v. Kmart Corp*., (1998) 17 Cal.4th 329,

7    334). A claim under Section 52.1 may only proceed if there is evidence of "threats,

8    intimidation, or coercion" independent from the Constitutional violation (such as

9    wrongful detention or excessive force) itself. (*Id*.)

10    Plaintiff's Bane Act claim alleges that Defendants 1) interfered with

11    Plaintiff's right to petition; 2) interfered with Plaintiff's right to privacy; First

12    Amendment Rights; Fourth Amendment Rights; Fourteenth Amendment Rights;

13    Article 1 of the California State Constitution. (*Complaint at ¶ 23*).

14    Plaintiff simply asserts general allegations that unknown police officers

15    allegedly stopped her for "no reason" and followed her friends in order to intimidate

16    her, allegedly to stop her from complaining about Officer Villa's actions. First, the

17    alleged facts, if taken as true, do not draw any connection between Plaintiff's

18    complaints to the police department and the alleged following of her friends. There

19    is also a severe lack of facts to make any connection between Plaintiff's complaints

20    and the supposed pulling her over "for no reason" by other police officers. None of

21    these actions were allegedly taken by Officer Villa. In order to proceed, Plaintiff

22    must be able to assert facts that connect the alleged constitutional violation and the

23    alleged intimidate and retaliation.

**IV.    CONCLUSION**

25    Plaintiff's Complaint, as a whole, fails to adequately delineate her claims

26    against Defendants, the Court should require Plaintiff to state her claims in a clear

27    and concise manner such that Defendants are able to prepare a defense to each

28    claim, without being required to guess at what Plaintiff actually alleges. Plaintiff's

1  First and Second Causes of Action fail to state a claim upon which relief may be

2  granted as there is merely a bare recitation of facts and elements of the claims.

3

4  DATED:  March 14, 2025                    MICHAEL J. VIGLIOTTA, City Attorney

5

6                                                        By: _____

7                                                        Andrew Kornoff, Sr. Deputy City Attorney

8                                                        Attorney for Defendants
                                                         CITY OF HUNTINGTON BEACH and

9                                                        ARTHUR VILLA JR.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28