UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | April 14, 2025 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Debbie Hino-Spaan | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Richard Herman    Andrew Kornoff

**Proceedings:**    ZOOM HEARING RE: MOTION TO DISMISS (Dkt. 18, filed on March 14, 2025)

## I. INTRODUCTION

On December 13, 2024, plaintiff Ashley Bauer-Oldfield ("plaintiff") filed her complaint against defendants the City of Huntington Beach (the "City"), Officer Shawn Randell, and Does 1-10 (collectively "defendants"). Dkt. 1. Plaintiff alleges (1) a violation of her right to petition under the First Amendment, pursuant to 42 U.S.C. § 1983 and (2) a violation of the Bane Civil Rights Act, California Civil Code § 52.1, for interference with civil rights through acts of violence, threats of violence, or intimidation. Dkt. 1. On December 18, 2024, plaintiff filed a First Amended Complaint, substituting defendant Officer Arthur Villa Jr. ("Villa") for defendant Officer Shawn Randell. Dkt. 10 ("FAC").

On March 14, 2025, defendants filed the instant motion to dismiss. Dkt. 18 ("Mot."). On March 24, 2025, plaintiff filed her opposition. Dkt. 20 ("Opp."). On March 31, 2025, defendants filed their reply. Dkt. 21 ("Reply").

On April 14, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges that on or about December 17, 2023, an unwanted visitor came to her home. FAC ¶ 17. Plaintiff claims she called the police for assistance and Villa responded. Id. Plaintiff alleges that "[f]rom December 19, 2023, through January 2024,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | April 14, 2025 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

[Villa] became enamored with [p]laintiff and began contacting her through social media and sending her text messages." Id. ¶ 18. Eventually, plaintiff claims, "the contact became sexual and [Villa] then sent her pictures including some of him waving his penis, in which he is nude, exposing himself and his penis." Id.

Plaintiff alleges that she complained to Huntington Beach Police Department ("HBPD") and that HBPD "conducted a lengthy investigation during which they continuously asked her to drop all charges against [Villa]." Id. ¶ 19. According to plaintiff, HBPD eventually found that the facts alleged were true and constituted a policy violation. Id.

Plaintiff alleges that "[t]hereafter [she] was subjected to harassment by various officers of the Huntington Beach Police Department, including being stopped for no reason." Id. ¶ 20. According to plaintiff, "during the week of August 31, 2024, she was stopped four times by Huntington Beach Police Officers and released without any citation because she had not violated the law." Id. Plaintiff alleges that her friends are also being harassed, for example "[o]n one occasion on or about June 4, 2024, when her friends were coming to visit her a Huntington Beach Police Officer vehicle/ cruiser followed her friends in and out of the cul-de-sac to intimidate them and to harass her." Id. ¶ 21. She alleges that these actions were taken "maliciously, oppressively, and in reckless disregard of [her] constitutional rights …." Id.

### III.  LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | April 14, 2025 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

 In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

 Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

 As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

**IV. DISCUSSION**

 Defendants first note that plaintiff's caption lists three claims for relief, while the body of her complaint lists two, causing confusion for defendants, and requiring them to speculate what claims plaintiff intends to assert. Mot. at 3. Plaintiff's FAC lists "1)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | April 14, 2025 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

Violation of Federal Constitutional Rights Under Color of State law (42 U.S.C. § 1983); 2) Violation of Bane Act (Cal. Civ. Code § 52.1); 3) Sexual Harassment by Police Officer," while the body of the FAC lists only "1) Plaintiff's First Cause of Action for 'Right to Petition Under First Amendment [42 U.S.C. § 1983]; and 2) Plaintiff's Second Cause of Action for 'Interference of Civil Rights Through Acts of Violence, Threats of Violence, or Intimidation.'" Id. at 4-5. Defendants argue that the FAC must be dismissed because it does not clearly delineate plaintiffs claim as ¶ 9 of the FAC "appears to contain at least two purported causes of action, for violation of the Bane Act against the City of Huntington Beach and against Officer Villa, however, these are not clearly delineated as causes of action," and similar allegations appear in ¶ 13, but it is not clear if a separate claim for relief is being alleged. Id. at 5. Defendants argue that they should not have to guess what plaintiff's claims are, and that because they do, the FAC should be dismissed, with leave to amend. Id.

Next, defendants argue that plaintiff's First Amendment allegations fail to state a claim upon which relief may be granted. Id. Defendants argue that to state a claim, a plaintiff must establish that "the defendant's retaliatory animus was a but for cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." Id. at 5-6 (quoting Capp v. Cnty. Of San Diego, 940 F.3d 1046, 1053 (9th Cir. 2019) (internal quotations omitted)). Here, defendants argue, the FAC "fails to establish a link between the protected activity of filing a complaint with the Huntington Beach Police Department regarding the alleged sexual harassment, and the alleged retaliation." Id. at 6. Defendants contend that the allegations that plaintiff was stopped are not attributed to Villa, and only vaguely say that she was stopped and that her friends were followed. Id. Defendants argue that this is insufficient and that "[t]hese are statements that merely attempt to create a suspicion of a legally cognizable right of action, which is insufficient and subject to dismissal with respect to all defendants." Id.

Defendants argue that plaintiff's second claim also fails because a Bane Act claim requires plaintiff to allege "'(1) an act of interference with a legal right by (2) intimidation, or coercion' independent from the Constitutional violation … itself." Id. at 7 (quoting Jones v. Kmart Corp., 17 Cal. 4th 329, 334 (1998)). Here, defendants contend, plaintiff alleges that defendants interfered with her right to petition, and interfered with her right to privacy, with her First, Fourth, and Fourteenth Amendment rights, and with her rights pursuant to Article I of the California State Constitution. Id. Defendants argue that "the alleged facts, if taken as true, do not draw any connection

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | April 14, 2025 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

between [p]laintiff's complaints to the police department and the alleged following of her friends." Id. Defendants also argue that plaintiff has failed to connect her complaints to the fact that she was allegedly pulled over several times for no reason. Id. They argue that none of these actions was done by Villa. Id. Because plaintiff does not "assert facts that connect the alleged constitutional violation and the alleged intimidat[ion] and retaliation," the FAC must be dismissed. Id.

In opposition, plaintiff argues that "[d]efendants know exactly what they are being sued for." Opp. at 2. Plaintiff contends that by abusing members of the community, law enforcement officers damage their relationship with the community and erode public confidence. Id. Plaintiff contends that the issue in this case is whether "[w]hen a police officer on duty, by misusing his official authority, rapes a woman whom he has detained, can the public entity that employs him be held vicariously liable for his misconduct?" and argues that the answer is yes. Id. at 2-3. Plaintiff describes each of her claims and reiterates that defendants are aware of why plaintiff is bringing this suit. Id. at 3-4. Plaintiff argues that when police officers misuse their power to commit assault, their public employer must be held liable for their actions. Id. at 6. Accordingly, plaintiff argues that defendants' motion to dismiss should be denied. Id.

In reply, defendants contend that plaintiff's retaliation claim fails because it does not clearly delineate the claims made. Reply at 2. Defendants argue that "[i]t is clear from [p]laintiff's Opposition brief that her retaliation claim is merely based upon a guess that she and her friends, in separate undocumented incidents, were pulled over 'for no reason' by unidentified unknown persons." Id. Defendants argue that plaintiff fails to cite any details and that these facts "might create a suspicion of retaliation and nothing more." Id. Because the claim is not plausible on its face, defendants argue, the First Amendment claim must be dismissed.

Defendants argue that plaintiff's harassment claim similarly fails because the FAC "merely contains a statement of facts that might create a suspicion of illegal activity." Id. at 3. Defendants argue that plaintiff is "essentially claiming that it is sufficient to allege that it is sufficient to say that she has no idea who pulled her over, or why, or when, or for what reason but it must have been harassment," and that this does not constitute a cognizable claim. Id. Defendants argue that as to harassment by Villa, the FAC does not allege that the communications were not consensual, nor is there any indication that plaintiff asked Villa to stop communicating with her. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              'O'

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | April 14, 2025 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

First, the Court concludes that plaintiff has alleged sufficient facts to state a § 1983 claim for First Amendment retaliation against officers she claims were directly involved in harassment. Retaliation by state actors for exercising the First Amendment right to speak freely and petition the government is actionable under § 1983. Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). In order to state a First Amendment retaliation claim, a plaintiff must show that she: "(1) engaged in constitutionally protected activity; (2) the defendant's actions would 'chill a person of ordinary firmness' from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct—i.e., there was a nexus between the defendant's actions and an intent to chill speech. Further, to prevail on such a claim, a plaintiff need only show that the defendant 'intended to interfere' with the plaintiff's First Amendment rights and that it suffered some injury as a result; the plaintiff is not required to demonstrate that its speech was actually suppressed or inhibited." Ariz. Students' Ass'n v. Ariz. Bd. of Regents, 824 F.3d 858, 867 (9th Cir. 2016) (citations omitted).

Here, the Court finds that plaintiff has sufficiently alleged that she engaged in protected activity, in the form of filing her complaint with HBPD. As to the second required element, harassment would suffice to chill a person of ordinary firmness from continuing to engage in protected activity. Third, plaintiff sufficiently alleges a nexus between the filing of her complaint and the alleged harassment. She alleges that after filing her complaint with HBPD on March 17, 2024, HBPD officers began harassing her and her friends. FAC ¶¶ 20-21. She alleges that, for example, "during the week of August 31, 2024, she was stopped four times by Huntington Beach Police Officers and released without any citation because she had not violated the law." Id. ¶ 20. Plaintiff further alleges that "on or about June 4, 2024, when her friends were coming to visit her a Huntington Beach Police Officer vehicle/ cruiser followed her friends in and out of the cul-de-sac to intimidate them and to harass her." Id. ¶ 21. The Court finds that these allegations are sufficient to allege harassment, to allege that the harassment was motivated by her earlier filed complaint,[1] and to put defendants on notice of the conduct

---

[1] The Court notes that defendants argue that plaintiff pleads no connection between Villa and the alleged harassment. Mot. at 7. The Court finds that this is not the relevant nexus, rather plaintiff is required to plead a connection between the filing of her complaint with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | April 14, 2025 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

alleged to amount to a First Amendment violation. Accordingly, the Court concludes that plaintiff has sufficiently alleged a First Amendment retaliation claim against the individual defendant officers pursuant to § 1983.

However, plaintiff alleges her first claim for relief against all defendants. Id. ¶¶ 16-21. This includes the City and certain Doe defendant officers in a supervisory capacity. Id. ¶¶ 21, 9. Insofar as plaintiff is attempting to state a claim against the City, the Court notes that the City cannot be held liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691 (1978). Plaintiff does not allege any such policy here. Additionally, plaintiff may be able to state claims against officials involved in a supervisory capacity, such as the chief of police. Though plaintiff alleges theories of supervisory liability against the ten Doe defendants, she does not allege any facts connected thereto.[2] Generally, there is no vicarious liability under § 1983, unless plaintiff alleges a supervisor's personal involvement in the constitutional violation or a sufficient causal connection between a supervisor's wrongful conduct and the constitutional violation. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001) (internal citations omitted). Plaintiff has failed to allege any personal involvement or any causal

---

HBPD, the First Amendment activity at issue, and the subsequent harassment, which the Court finds that she has done.

[2] Specifically, plaintiff alleges "[d]efendants DOES 1 through 10, inclusive, are sworn peace officers and/or Supervisors and/or commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other supervisory personnel (such as ) and or/ policy making and/ or final policy making officials, employed by the 'CITY', who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by Plaintiff in this action, such as via supervisory liability (i.e. failure properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usage of the 'CITY' 1) violation of the Bane Act for sexual harassment (penis waiving) 2) the 'CITY' caused the very same California state law , and federal and state constitutional violations complained above, and complained of by the plaintiff in this action." FAC ¶ 9.

Case 8:24-cv-02700-CAS-JDE   Document 23   Filed 04/14/25   Page 8 of 10   Page ID #:85

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | April 14, 2025 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

connection between the actions of a supervisor and a constitutional violation. Accordingly, the Court finds that plaintiff's first claim for relief, for First Amendment retaliation under § 1983 against the City and against defendant officers in a supervisory capacity, is properly dismissed, with leave to amend.

The Court concludes that plaintiff has sufficiently alleged a Bane Act violation based on the First Amendment, but that she has failed to allege Bane Act violations based on the Fourth and Fourteenth Amendments and on Article I of the California Constitution. The Bane Act provides a claim for relief against a person who interferes or attempts to interfere "by threat, intimidation, or coercion" with an individual's exercise or enjoyment of rights secured by federal or state law. Cal. Civ. Code § 52.1(b). It was "intended to address only egregious interferences with constitutional rights, not just any tort. The act of interference with a constitutional right must itself be deliberate or spiteful." Shoyoye v. Cnty. of Los Angeles, 203 Cal. App. 4th 947, 959 (2012). To prevail on a Bane Act claim, a plaintiff must therefore prove (1) a violation of a constitutional or statutory right (2) by intimidation, threats, or coercion. Venegas v. Cnty. of Los Angeles, 153 Cal. App. 4th 1230, 1242 (2007). "[T]he Bane Act does not require the 'threat, intimidation or coercion' element of the claim to be transactionally independent from the constitutional violation alleged." Reese v. Cnty. of Sacramento, 888 F.3d 1030, 1043 (9th Cir. 2018). However, the Bane Act requires a specific intent to violate the plaintiff's constitutional rights. Id.

As defendants point out, it is not clear from plaintiff's pleading whether she is alleging two separate Bane Act violations or one, as she includes three claims for relief in her case caption and only two claims in the body of her FAC. Mot. at 3; FAC. Plaintiff alleges that "[t]hrough intimidation and false arrest intimidation of others the [d]efendants interfered with the rights of the [p]laintiff to petition which includes filing a claim against the City of Huntington Beach and her rights to privacy and to be left alone all of this violates her civil rights and was done with an intentional disregard for her rights under the Federal Constitution, First, Fourth and Fourteenth Amendments." FAC ¶ 23. Plaintiff also alleges that defendants' actions violated Article I of the California Constitution. Id. For the same reasons articulated above, the Court finds that plaintiff has sufficiently alleged a Bane Act violation based on conduct by defendants in violation of plaintiff's First Amendment rights. The Court concludes that plaintiff has alleged a violation of her First Amendment rights by harassment, which is a form of intimidation, threat, or coercion. However, plaintiff fails to articulate what conduct by defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | April 14, 2025 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

violates the Fourth and Fourteenth Amendments and Article I of the California Constitution. The Court concludes that in order to state a Bane Act claim related to those alleged violations, plaintiff must allege specific unconstitutional conduct. Plaintiff's Bane Act claims not related to the First Amendment violation are therefore dismissed, with leave to amend.

In the caption of her FAC, plaintiff also alleges "Sexual Harassment by Police Officer," seemingly as part of her Bane Act claim. FAC at 1. If plaintiff seeks to state a separate claim against Villa for sexual harassment, she must break that claim out separately in her pleading and include sufficient factual allegations to support it. This would include alleging the underlying constitutional or statutory violation and that it was caused by threats, coercion, or intimidation, as required to allege a Bane Act claim.

The Court also finds that plaintiff may potentially state a claim for relief against the City for Bane Act violations because "'[c]ourts have consistently held that public entities may be held vicariously liable for a violation of § 52.1 ….'" Ernesto Jasso v. Cnty. of Los Angeles et al., No. 14-cv-09110-MWF-VBKx, 2015 WL 13916216, at *12 (C.D. Cal. Oct. 13, 2015) (quoting D.V. v. City of Sunnyvale, No. 14-cv-2155-RMW, 65 F.Supp.3d 782, 2014 WL 4072338, at *4 (N.D. Cal. Aug. 14, 2014)). This would require plaintiff to allege that the Bane Act violations occurred within the scope of the officers' employment. Id. Additionally, insofar as plaintiff is attempting to state a Bane Act claim against officers in a supervisory capacity, she may do so, but has failed to do so in her FAC. See Johnson v. Baca, No. CV 13–04496 MMM-AJWx, 2014 WL 12588641, at *16 (C.D. Cal. Mar. 3, 2014) (finding that several California courts, including the California Supreme Court, have "implicitly held" that a Bane Act claim "can be asserted against a sheriff based on his or her conduct as a supervisor rather than on personal involvement in violence or a threat of violence against a plaintiff."). After Johnson was decided, several federal courts found that there was no supervisory liability under the Bane Act. See Est. of Chivrell v. City of Arcata, 694 F. Supp. 3d 1218, 1231-32 (N.D. Cal. 2023) ("Courts are divided as to whether a supervisor may be held liable under the Bane Act."). The Court finds the reasoning in Johnson to be more persuasive. Such a claim would require plaintiff to allege specific conduct of supervisors connected to her Bane Act claim. Plaintiff has, in her FAC, failed to state a claim against the City based on vicarious liability and has failed to state a claim against officers in a supervisory capacity under the Bane Act. Accordingly, these claims are dismissed, with leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL         'O'

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | April 14, 2025 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

Specifically, if plaintiff has alternative Bane Act claims, she should allege each of them in a separate claim for relief. If plaintiff cannot identify officers by name, she should state any dates in addition to those alleged in her FAC on which alleged harassment occurred. Plaintiff may also state claims for vicarious liability under the Bane Act against the City. To do so, plaintiff must allege that officers' wrongful actions were within the scope of their employment. Plaintiff may also state claims against supervisory individuals by alleging specific conduct of supervisors related to her Bane Act claims. To the extent she is asserting a claim under § 1983 for municipal liability, plaintiff must allege either a wrongful policy that permits policy officers to engage in wrongful conduct or general failure to supervise them. In the alternative, plaintiff may state a basis for supervisory liability under § 1983 by alleging personal involvement or a causal connection between the actions of a supervisor and a constitutional violation.

## V.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendants' motion to dismiss plaintiff's first claim for relief for First Amendment retaliation pursuant to § 1983, as it pertains to the individual officer defendants. The Court **GRANTS** defendants' motion to dismiss plaintiff's first claim for relief as it pertains to the City and to officer defendants alleged to have committed violations in a supervisory capacity, with leave to amend.

The Court **DENIES** defendants' motion to dismiss plaintiffs' second claim for relief under the Bane Act as it relates to a First Amendment violation. The Court **GRANTS** defendants' motion to dismiss plaintiff's second claim for relief as it pertains to Bane Act violations unrelated to the First Amendment, with leave to amend.

Plaintiff shall have 30 days to file her second amended complaint.

IT IS SO ORDERED.

|  | 00 | : | 09 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |