RICHARD P. HERMAN, SBN 53743
PRISONERS RIGHTS UNION
P.O.BOX 53114
IRVINE, CA 92619
Telephone: (714)547-8512
Facsimile: (949)209-2693
Email:rherman@richardphermanlaw.com
Attorney for Plaintiff
***Ashley Bauer-Oldfield***

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Ashley Bauer-Oldfield, Individually,

Plaintiff,

vs.

City of Huntington Beach, Chief of Police Eric G. Parra, Officer Arthur Villa Jr, Individually and DOES 1-20.

Defendants.

CASE NO: 8:24-cv-02700- CAS (JDE)

SECOND AMENDED COMPLAINT FOR DAMAGES

1. First Amendment- Retaliation (42 U.S.C. §1983);
2. Sexual Harassment Under Color of Law (42 U.S.C. §1983);
3. Municipal Liability (Monell);
4. Supervisory Liability (42 U.S.C. §1983);
5. Intentional Infliction of Emotional Distress;
6. Retaliation- Bane Act (§52.1);
7. Right to Petition-Bane Act (§52.1);
8. Right to Privacy- Bane Act (§52.1);
9. First Amendment- Bane Act (§52.1);
10. Fourth Amendment- Bane Act (§52.1);
11. Fourteenth Amendment- Bane Act (§52.1);
12. Article 1 California Constitution- Bane Act (§52.1);

***JURY TRIAL DEMANDED***

**COME NOW** Plaintiff Ashley Bauer-Oldfield, Individually, for her Second Amended Complaint against Defendants City of Huntington Beach, Chief of Police Eric G. Parra, Officer Arthur Villa Jr, Individually, DOES 1-10, and DOES 11-20 Supervisory Personnel, hereby alleges as follows:

## JURISDICTION AND VENUE

1. As this action is brought under 42 U.S.C. §1983, this Court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. §1331.

2. As the incidents complained of in this action occurred in the City of Huntington Beach, County of Orange, State of California, within the territorial jurisdiction of this Court, the venue properly lies in this court under 28 U.S.C §1391(b)(2).

3. As the Plaintiff's claim brought under California state law arises out of the same transactions and occurrences and out of a common nucleus of operative facts as the Plaintiff's federal questions claims, this Court has jurisdiction over the Plaintiff's California State Law claims under its supplemental jurisdiction pursuant to 28 U.S.C. §1367 and otherwise pursuant to **United Mine Workers of America v. Gibbs**, 383 U.S. 715 (1966).

4. Plaintiff Ashley Bauer-Oldfield, individually, timely filed her claims for damages against the City of Huntington Beach pursuant to California Tort Claims Act, Cal.Gov't Code§900 et seq., and said claims have been denied by Defendant City of Huntington Beach, less than six months before the filing of this instant action.

## GENERAL ALLEGATIONS

5. Plaintiff Ashley Bauer-Oldfield, hereinafter referred to as "Ashley Bauer-Oldfield and or Plaintiff " is a natural person, who, at all times complained of in this action, resided in the State of California.

6. Defendant City of Huntington Beach, hereinafter referred to as "CITY", is a political subdivision of the State of California and is a governmental entity, located within the territorial jurisdiction of this Court.

7. Defendant Chief of Police Eric G. Parra, herein after referred to as " CHIEF", is, and at all times complained of herein, was, the Chief of Police, employed by "CITY", acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with Defendant "CITY".

8. Defendant Officer Arthur Villa Jr is, and at all times complained of herein, was, a piece officer, employed by the "CITY", acting as an individual person under the color of state law, in his individual capacity and was acting in the

course of and within the scope of his employment with Defendant "CITY".

9. Defendants DOES 1-10, inclusive, are deputies and/or police officers and/or supervisors and/or investigators and/special officers and/or a dispatchers and/or some other public officer, public official or employees of Defendant "CITY", who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or otherwise responsible for and liable to Plaintiff for the acts complained of in this action, whose identities are, and remain unknown to Plaintiff, who will amend their complaint to add and to show the actual names of said DOE defendants when ascertained by the Plaintiff.

10. At all times complained of herein, DOES 1 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or special officers and/or supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders. Sheriff) and /or dispatchers employed by Defendant "CITY", and were acting in the course of and within the scope of their employment with Defendant "CITY".

11. Defendants DOES 11 through 20, inclusive, are sworn peace officers and/or the Chief of Police Assistants /Supervisors, commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other supervisory personnel (such as ) and or/ policy making and/ or final policy making officials,

employed by the "CITY", who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by Plaintiff in this action, such as via supervisory liability (i.e. failure properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usage of the "CITY" 1) violation of the Bane Act for sexual harassment (penis waiving) 2) the "CITY" caused the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

12. Plaintiff is presently unaware of the identities of DOES 1 through 20, inclusive, and will amend their complaint to add and to show the actual names of said DOE defendants, when ascertained by Plaintiff.

13. At all times complained of herein, DOES 1 through 20, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as Police Officers and/or Supervisory Officers, Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the "CITY" , and/or some other public official(s) with the "CITY", and were acting in

the course of and within the scope of their employment with the defendant "CITY".

14. At all times complained of herein, defendants Officer Arthur Villa Jr and DOES 1 through 20, inclusive, were acting as individual persons acting under the color of state law, pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and /or policy making peace officers, with defendant "CITY" .

15. Moreover, at all times complained of herein, defendants Officer Arthur Villa Jr, DOES 1 through 20, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the "CITY" , for inter alia: 1) violation of the Bane Act for sexual harassment (penis waiving) 2) the "CITY" caused the very same California state law , and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

16. In addition to the above and foregoing, defendants Officer Arthur Villa Jr and DOES 1 through 20, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the Plaintiff Ashley Bauer-Oldfield of her federal Constitutional and statutory rights, as complained of in this action and acted in joint and concerted action to so deprive Plaintiff Ashley Bauer-Oldfield of those rights complained of herein; all in violation of 42 U.S.C. §1983,

and otherwise in violation of United States (Constitutional and Statutory) law.

17. Said conspiracy/agreement/understanding/ plan/scheme/joint action/ concerted action, above-referenced, was a proximate cause of the violation of the Plaintiff Ashley Bauer-Oldfield, federal and state constitutional and statutory rights, as complained herein.

**FIRST CAUSE OF ACTION**

**FIRST AMENDMENT- RETALIATION [42 U.S.C. §1983]**

**(By Plaintiff Ashley Bauer-Oldfield, Individually Against All Defendants)**

18. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 17, inclusive, above, as if set forth in full herein.

19. The First Amendment of the United States Constitution protects citizens from government retaliation for exercising their constitutional rights, where it has a chilling effect on the citizens' First Amendment rights. 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right. This includes in this context, the filing of a tort claim/complaint, whether verbal or written, formal or informal, and threats of harassment fall within this purview of constitutionally protected rights.

20. At all relevant times, Defendant Officer Arthur Villa Jr, and DOES 1-20, were acting under the color of state law, through their employment with the City of Huntington Beach.

21. Plaintiff is a resident of the City of Huntington Beach. On or about December 19, 2023, an unwanted visitor came to her home and she called the police for assistance with the unwanted visitor. One of the officers responding was Officer Arthur Villa Jr.

22. From December 19, 2023, through January 2024, Defendant Officer Arthur Villa Jr became enamored with Plaintiff and began contacting her through social media and sending her text messages. These contacts rapidly became inappropriate and sexual in nature, culminating in Defendant Officer Villa unsolicited and unwanted images of himself completely nude, including images where he was waving his exposed penis.

23. Plaintiff did not solicit, welcome, or encourage these images and was shocked and distressed by their content and the fact that they came from a sworn police officer who had visited her home in his official capacity.

24. Defendant Officer Villa used his position of authority and the information he obtained through his police duties to continue contacting Plaintiff despite her discomfort and objections. These actions constituted a severe abuse of his power.

25. Plaintiff Ashley Bauer-Oldfield complained to the Huntington Beach Police Department of Defendant's sexual harassment, who then conducted a lengthy investigation during which they continuously asked her to drop all charges

against the Defendant. Still, the Huntington Beach Police Department eventually found that the facts alleged were true and violated their policy.

26. Plaintiff filed a claim against the City of Huntington Beach on or about March 17, 2024, shortly after the Huntington Beach Police Department found that her allegations were true. Defendant Officer Arthur Villa Jr, and DOES 1-20, took adverse actions against Plaintiff and her friends upon the filing of her claims against Defendant Arthur Villa Jr. Some of the actions included Plaintiff being subjected to harassment by various officers of the Huntington Beach Police Department, including being stopped for no reason. For example, during the week of August 31, 2024, she was stopped four times by Huntington Beach Police Officers and released without any citation because she had not violated the law.

27. This was done in retaliation for her exercise of First Amendment rights, Plaintiff was subjected to harassment and intimidation by Officer Arthur Villa Jr., and other Huntington Beach Police officers. The retaliatory acts included surveillance, repeated and unjustified traffic stops, and attempts to dissuade Plaintiff from pursuing her complaint.

28. Not only is she being harassed, but so are her friends and visitors, who are also being subjected to surveillance and intimidation by other Huntington Beach Police Officers. On one occasion, on or about June 4, 2024, when her friends came to visit her residence, a Huntington Beach Police Officer vehicle/ cruiser followed

her friends in and out of the cul-de-sac menacingly and unnecessarily manner.

29. In one of the most recent incidents on or about April 3, 2025, a friend visited Plaintiff Ashley Bauer- Oldfield and when she left she was immediately pulled over by Huntington Beach Police who took her out of her vehicle (a white KIA) and asked her " what her business was at the home of Plaintiff Ashley Bauer-Oldfield". They searched and trashed her vehicle for no reason other than to intimidate and harass anyone who visits the Plaintiff. Her friend went back to Plaintiff's home and advised her what had happened and that the officers "had asked about Plaintiff and her home".

30. These incidents demonstrate a pattern of retaliation, intimidation, and coordinated harassment in direct response to Plaintiff's protected activity of reporting Defendant Officer Arthur Villa's misconduct. The actions of DOES 1 through 20, inclusive, were committed maliciously, oppressively, and in reckless disregard of Plaintiff Ashley Bauer-Oldfield's, constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants, defendant "CITY", in the amount to be proven at trial, in excess of $2,000,000.00.

## SECOND CAUSE OF ACTION

**Sexual Harassment Under Color of Law- 42 U.S.C. §1983**
**(By Plaintiff Ashley Bauer-Oldfield, Individually Against All Defendants)**

31. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 30, inclusive, above, as if set forth in full herein.

32. Defendant Officer Arthur Villa Jr, engaged in a course of conduct that included sexually explicit and abusive communications directed at Plaintiff.

33. This conduct was committed under color of law and constituted a violation of Plaintiff's bodily integrity and her constitutional right to personal security.

34. Defendant Officer Arthur Villa Jr's conduct was oppressive and exploitative, causing significant emotional and psychological trauma to Plaintiff.

35. As a direct and proximate result of the actions of defendants DOES 1 through 20 , inclusive Plaintiff was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress pain and suffering; 2) incurred attorney's fees and associated litigation and other related costs, and 3) incurred other special and general damages and expenses in an amount to be proven at trial.

36. The actions by said defendants were committed maliciously, and oppressively and constituted despicable conduct; sufficient for an award of

punitive/exemplary damages against all defendants and each of them, defendant "CITY" in the amount to be proven at trial in excess of $2,000,000.00.

## THIRD CAUSE OF ACTION

**Municipal Liability – Ratification (Monell Liability)**

**(By Plaintiff Ashley Bauer-Oldfield, Individually Against All Defendants)**

37. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 36, inclusive, above, as if set forth in full herein.

38. Defendant Athur Villa Jr and DOES 1 through 10, inclusive, acted under color of law.

39. Defendant Arthur Villa Jr and DOES 1-10, inclusive, deprived Plaintiff of her rights under the United States Constitution, as alleged above and below.

40. Upon information and belief Defendant "CHIEF" acting under the color of law, who had final policymaking authority concerning the acts of Defendant Arthur Villa Jr and DOES 1-10, inclusive, knew about this lawsuit and the claims and continuous violations, and permitted the violations, ratified the individual officers' acts and the basis for them.

41. Upon information and belief, the final policy maker knew of and specifically approved of Defendant Arthur Villa's and DOES 11-20, inclusive, conduct during multiple occasions beginning from March 2024 through April

2025.

42. Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants Athur Villa Jr and DOES 1 through 10, inclusive, were "within policy."

43. The City of Huntington Beach, through its customs, policies, and practices, permitted or failed to prevent unlawful sexual harassment and retaliatory harassment by its police officers.

44. These policies and customs included failure to discipline officers who commit misconduct, indifference to complaints of retaliation, and a culture of tolerance toward harassment.

45. As a result of these policies, Plaintiff suffered injury and harm.

46. As a direct and proximate result of the actions of defendants DOES 1 through 20 , inclusive Plaintiff was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress pain and suffering; 2) incurred attorney's fees and associated litigation and other related costs, and 3) incurred other special and general damages and expenses in an amount to be proven at trial.

47. The actions by said defendants were committed maliciously, and oppressively and constituted despicable conduct; sufficient for an award of punitive/exemplary damages against all defendants and each of them,

defendant "CITY" in the amount to be proven at trial in excess of $2,000,000.00.

## FOURTH CAUSE OF ACTION

**Supervisory Liability- 42 U.S.C. §1983**

**(By Plaintiff Ashley Bauer-Oldfield, Individually Against Defendant "CHIEF" and Does 11-20 Supervisors)**

48. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 47, inclusive, above, as if set forth in full herein.

49. Defendants "CHIEF" and DOES 11-20, in supervisory roles, had knowledge of Arthur Villa Jr's misconduct and failed to take appropriate action. Not only were they made aware when Plaintiff initially advised Defendants DOES 11-20 of the misconduct and an investigation took place, which found she had a valid claim. The Plaintiff was then asked not to pursue her claim or any other legal avenues. Defendants were put on notice of this situation and did nothing to assist in making Defendant Arthur Villa Jr's behavior stop.

50. These supervisors DOES 11-20 either directed, authorized, or tacitly approved the retaliatory actions taken against Plaintiff.

51. Once the lawsuit Defendant "CHIEF" was put on notice that this was an ongoing situation and he did nothing to stop the harassment by Defendant DOES 11-20 of Plaintiff, which is continuous.

52. Their failure to train, supervise, and discipline subordinates amounted to deliberate indifference to Plaintiff's constitutional rights. The actions by said defendants were committed maliciously, and oppressively and constituted despicable conduct; sufficient for an award of punitive/exemplary damages against all defendants and each of them, defendant "CITY" in the amount to be proven at trial in excess of $2,000,000.00.

**FIFTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

**(By Plaintiff Ashley Bauer-Oldfield, Individually Against All Defendants)**

53. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 52, inclusive, above, as if set forth in full herein.

54. Defendants engaged in extreme and outrageous conduct including sexual harassment, stalking, repeated unlawful traffic stops, and public intimidation.

55 . This conduct was intentional or carried out with reckless disregard of the likelihood that Plaintiff would suffer emotional harm.

56. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress, including anxiety, depression, fear, sleep disruption, and humiliation.

57. As a direct and proximate result of the actions of defendants DOES 1 through 20 , inclusive Plaintiff was: 1) substantially physically, mentally and

emotionally injured, and suffered great physical, mental and emotional injury, distress pain and suffering; 2) incurred attorney's fees and associated litigation and other related costs, and 3) incurred other special and general damages and expenses in an amount to be proven at trial.

58. The actions by said defendants were committed maliciously, and oppressively and constituted despicable conduct; sufficient for an award of punitive/exemplary damages against all defendants and each of them, defendant "CITY" in the amount to be proven at trial in excess of $2,000,000.00.

## SIXTH CAUSE OF ACTION

### Retaliation- Violation of Bane Act- Cal.Civ. Code §52.1
### (By Plaintiff Ashley Bauer-Oldfield, Individually Against All Defendants)

59. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 58, inclusive, above, as if set forth in full herein.

60. Through intimidation and false arrest intimidation and coersion of others the Defendants interfered, or attempted to interfere, with the rights of the Plaintiff to petition which includes filing a claim against the City of Huntington Beach and her rights to privacy and to be left alone all of this violates her civil rights, including her right to free speech and to petition the government for redress and was done with an intentional disregard for her rights under the Federal

Constitution, First, Fourth and Fourteenth Amendments. Also under the State Constitution additionally (Article 1) which has similar protections and additionally as a protection for privacy, which was violated by Defendants.

61. Defendants inflicted emotional distress upon the Plaintiff by Defendant Arthur Villa Jr "wiener waving" and additionally by constant harassment, including stops by the Huntington Beach Police Department officers and DOES 1-20 without any justification in retaliation for filing claims against the Huntington Beach Police Department.

62. As a direct and proximate result of the actions of Defendants DOES 1 through 20 , inclusive Plaintiff was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress pain and suffering; 2) incurred attorney's fees and associated litigation and other related costs, and 3) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $2,000,000.00 each.

63. Said defendants DOES 1 through 20, inclusive, and "CITY" are liable to Plaintiff Ashley Bauer-Oldfield individually for said violations of her constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a),815.6, 820,820,820.4,820.8.

64. As a direct and proximate result of the actions of defendants DOES 1 through 20 , inclusive Plaintiff was: 1) substantially physically, mentally and

emotionally injured, and suffered great physical, mental and emotional injury, distress pain and suffering; 2) incurred attorney's fees and associated litigation and other related costs, and 3) incurred other special and general damages and expenses in an amount to be proven at trial.

65. The actions by said defendants were committed maliciously, and oppressively and constituted despicable conduct; sufficient for an award of punitive/exemplary damages against all defendants and each of them, save defendant "CITY" in the amount to be proven at trial in excess of $2,000,000.00.

## SEVENTH CAUSE OF ACTION

**Right to Petition - Violation of Bane Act- Cal.Civ. Code §52.1**
**(By Plaintiff Ashley Bauer-Oldfield, Individually Against All Defendants)**

66. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 65, inclusive, above, as if set forth in full herein.

67. Through intimidation and false arrest, intimidation and coercion of others, the Defendants interfered, or attempted to interfere, with the rights of the Plaintiff to petition which includes filing a claim against the City of Huntington Beach and her privacy rights and to be left alone all of this violates her civil rights, including her right to free speech and to petition the government for redress and was done with an intentional disregard for her rights under the Federal Constitution, First, Fourth and Fourteenth Amendments. Also under the State Constitution additionally

(Article 1) which has similar protections and additionally as a protection for privacy, which was violated by Defendants.

68. As a direct and proximate result of the actions of Defendants DOES 1 through 20 , inclusive Plaintiff was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress pain and suffering; 2) incurred attorney's fees and associated litigation and other related costs, and 3) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $2,000,000.00 each.

69. Said defendants DOES 1 through 20, inclusive, and "CITY" are liable to Plaintiff Ashley Bauer-Oldfield individually for said violations of her constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a),815.6, 820,820,820.4,820.8.

70. The actions by said defendants were committed maliciously, and oppressively and constituted despicable conduct; sufficient for an award of punitive/exemplary damages against all defendants and each of them, save defendant "CITY" in the amount to be proven at trial in excess of $2,000,000.00.

## EIGHTH CAUSE OF ACTION

**Right to Privacy - Violation of Bane Act- Cal.Civ. Code §52.1**

**(By Plaintiff Ashley Bauer-Oldfield, Individually Against All Defendants)**

71. Plaintiff hereby re-alleges and incorporates by reference the allegations

set forth in paragraphs 1 through 70, inclusive, above, as if set forth in full herein.

72. The California Constitution explicitly protects the right to privacy in Article 1, Section 1, declaring that all have inalienable rights including "enjoying and defending life and liberty and pursuing and obtaining safety, happiness and privacy".

73. Defendants Arthur Villa Jr and DOES 1 through 10, inclusive, interfered with Plaintiff's right to privacy when they constantly harassed Plaintiff and/or her friends when visiting her home. Defendants engaged in extreme and outrageous conduct, including sexual harassment, stalking, repeated unlawful traffic stops, and public intimidation.

74. This conduct was intentional or carried out with reckless disregard of the likelihood that Plaintiff would suffer emotional harm.

75. The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive/exemplary damages against all defendants and each of them, defendant "CITY" in the amount to be proven at trial in excess of $2,000,000.00.

76. In addition, as a result of the actions of defendants Arthur Villa Jr and DOES 1 through 10, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiff is entitled to an award of treble compensatory damages against said defendants, and each of them, in the

amount of $2,000,000.00.

**NINTH CAUSE OF ACTION**

**First Amendment - Violation of Bane Act- Cal.Civ. Code §52.1**
**(By Plaintiff Ashley Bauer-Oldfield, Individually Against All Defendants)**

77. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 76, inclusive, above, as if set forth in full herein.

78. The First Amendment protects citizens from government retaliation for exercising their constitutional rights, where it has a chilling effect on the citizens' First Amendment rights. Civil Code §52.1 provides a private right of action for conduct which violates this right. This includes in this context, the filing of a tort claim/complaint, whether verbal or written, formal or informal, and threats of harassment fall within this purview of constitutionally protected rights.

79. At all relevant times, Defendant Officer Arthur Villa Jr, and DOES 1-20, were acting under the color of state law, through their employment with the City of Huntington Beach.

80. Plaintiff is a resident of the City of Huntington Beach. On or about December 19, 2023, an unwanted visitor came to her home and she called the police for assistance with the unwanted visitor. One of the officers responding was Officer Arthur Villa Jr.

81. From December 19, 2023, through January 2024, Defendant Officer Arthur Villa Jr became enamored with Plaintiff and began contacting her through social media and sending her text messages. These contacts rapidly became inappropriate and sexual in nature, culminating in Defendant Officer Villa unsolicited and unwanted images of himself completely nude, including images where he was waving his exposed penis.

82. Plaintiff did not solicit, welcome, or encourage these images and was shocked and distressed by their content and the fact that they came from a sworn police officer who had visited her home in his official capacity.

83. Defendant Officer Villa used his position of authority and the information he obtained through his police duties to continue contacting Plaintiff despite her discomfort and objections. These actions constituted a severe abuse of his power.

84. Plaintiff Ashley Bauer-Oldfield complained to the Huntington Beach Police Department of Defendant's sexual harassment, who then conducted a lengthy investigation during which they continuously asked her to drop all charges against the Defendant. Still, the Huntington Beach Police Department eventually found that the facts alleged were true and violated their policy.

85. Plaintiff filed a claim against the City of Huntington Beach on or about March 17, 2024, shortly after the Huntington Beach Police Department found that

her allegations were true. Defendant Officer Arthur Villa Jr, and DOES 1-20, took adverse actions against Plaintiff and her friends upon the filing of her claims against Defendant Arthur Villa Jr. Some of the actions included Plaintiff being subjected to harassment by various officers of the Huntington Beach Police Department, including being stopped for no reason. For example, during the week of August 31, 2024, she was stopped four times by Huntington Beach Police Officers and released without any citation because she had not violated the law.

86. This was done in retaliation for her exercise of First Amendment rights, Plaintiff was subjected to harassment and intimidation by Officer Arthur Villa Jr., and other Huntington Beach Police officers. The retaliatory acts included surveillance, repeated and unjustified traffic stops, and attempts to dissuade Plaintiff from pursuing her complaint.

87. Not only is she being harassed, but so are her friends and visitors, who are also being subjected to surveillance and intimidation by other Huntington Beach Police Officers. On one occasion, on or about June 4, 2024, when her friends came to visit her residence, a Huntington Beach Police Officer vehicle/ cruiser followed her friends in and out of the cul-de-sac menacingly and unnecessarily manner.

88. In one of the most recent incidents on or about April 3, 2025, a friend visited Plaintiff Ashley Bauer- Oldfield and when she left she was immediately pulled over by Huntington Beach Police who took her out of her vehicle (a white

KIA) and asked her " what her business was at the home of Plaintiff Ashley Bauer-Oldfield". They searched and trashed her vehicle for no reason other than to intimidate and harass anyone who visits the Plaintiff. Her friend went back to Plaintiff's home and advised her what had happened and that the officers "had asked about Plaintiff and her home".

89. These incidents demonstrate a pattern of retaliation, intimidation, and coordinated harassment in direct response to Plaintiff's protected activity of reporting Defendant Officer Arthur Villa's misconduct. The actions of DOES 1 through 20, inclusive, were committed maliciously, oppressively, and in reckless disregard of Plaintiff Ashley Bauer-Oldfield's, constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants, defendant "CITY", in the amount to be proven at trial, in excess of $2,000,000.00.

**<u>TENTH CAUSE OF ACTION</u>**

**Fourth Amendment - Violation of Bane Act- Cal.Civ. Code §52.1**
**(By Plaintiff Ashley Bauer-Oldfield, Individually Against All Defendants)**

90. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 89, inclusive, above, as if set forth in full herein.

91. Defendants Arthur Villa Jr and DOES 1 through 10, inclusive, interfered with Plaintiff's civil rights to be free from unreasonable searches and seizures and to be free from wrongful detentions and bogus traffic stops by

Defendants.

92. On information and belief, Defendants intentionally and spitefully committed the above acts to discourage Plaintiff from exercising her civil rights, to retaliate against her for invoking such rights, or to prevent her from exercising such rights, which she was fully entitled to enjoy.

93. On information and belief, Plaintiff reasonably believed and understood that the acts committed by defendants Arthur Villa Jr and DOES 1 through 10, inclusive were intended to discourage her from exercising the above civil rights, to retaliate against her, or invoking such rights, or to prevent her from exercising such rights.

94. The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive/exemplary damages against all defendants and each of them, defendant “CITY” in the amount to be proven at trial in excess of $2,000,000.00.

95. In addition, as a result of the actions of defendants Arthur Villa Jr and DOES 1 through 10, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, Plaintiff is entitled to an award of treble compensatory damages against said defendants, and each of them, in the amount of $2,000,000.00.

## ELEVENTH CAUSE OF ACTION

**Fourteenth Amendment- Violation of Bane Act- Cal.Civ. Code §52.1 (By Plaintiff Ashley Bauer-Oldfield, Individually Against All Defendants)**

96. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 95, inclusive, above, as if set forth in full herein.

97. The unlawful harassment by Defendants Arthur Villa Jr and DOES 1-10, were done without due process of the laws of the United States of America, in violation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution; of Plaintiff's rights not to be deprived of liberty without due process of law.

98. At all relevant times, Defendant Officer Arthur Villa Jr, and DOES 1-20, were acting under the color of state law, through their employment with the City of Huntington Beach.

99. These incidents by Defendants were committed maliciously, oppressively, and in reckless disregard of Plaintiff's constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants, Defendant "CITY", in the amount to be proven at trial, in excess of $2,000,000.00.

## TWELVE CAUSE OF ACTION

**Article 1, California Constitution -Violation of Bane Act- Cal.Civ. Code §52.1**

**(By Plaintiff Ashley Bauer-Oldfield, Individually Against All Defendants)**

100. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 99, inclusive, above, as if set forth in full herein.

101. Article 1 of the United States Constitution states that all people are by nature free and independent and have inalienable rights. Among these rights are enjoying and defending life and liberty, happiness, and privacy. Defendants Arthur Villa Jr and DOES 1-20 have deprived Plaintiff of these rights due to their retaliation for her filing her complaint against Defendants. The Plaintiff is constantly being harassed and stopped for no reason at all other than to intimidate. Plaintiff's friends have also been harassed, stopped, and vehicles searched upon leaving her home for no other reason other than to intimidate, harass, and coerce Plaintiff into dismissing her complaint against Defendants.

of Plaintiff's rights not to be deprived of liberty without due process of law.

102. At all relevant times, Defendant Officer Arthur Villa Jr, and DOES 1-20, were acting under the color of state law, through their employment with the City of Huntington Beach.

103. These incidents by Defendants were committed maliciously, oppressively, and in reckless disregard of Plaintiff's constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants, Defendant "CITY", in the amount to be proven at trial, in excess of $2,000,000.00.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff prays for judgment as follows:

104. For a judgment against all defendants for compensatory damages in an amount in excess of $2,000,000.00 for Plaintiff;

105. For a judgment against Officer Arthur Villa Jr, and DOES 1-20 Inclusive for punitive damages in an amount in excess of $1,000,000.00.

106. For an award of reasonable attorney's fees and costs;

107. For a trial by jury; and

108. And such other relief as this honorable court deems just and equitable.

DATED: May 14, 2025

Respectfully submitted,

_______________________

RICHARD P. HERMAN
PRISONERS RIGHTS UNION
ATTORNEY FOR PLAINTIFF
ASHLEY BAUER-OLDFIELD

**JURY TRIAL DEMANDED**

DATED: May 14, 2025

Respectfully submitted,

RICHARD P. HERMAN
PRISONERS RIGHTS UNION
ATTORNEY FOR PLAINTIFF
ASHLEY BAUER-OLDFIELD

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the aforesaid County of Orange, State of California. I am over the age of 18 and not a party to the within action my mailing address is P. O. Box 53114, Irvine, California 92619.

On May 14, 2025 I served the foregoing document, described as Second Amended Complaint **to** the interested parties in this action via email to the emails listed below:

Michael J. Vigliota, City Attorney
Andrew Kornoff, Sr. Deputy City Attorney
200 Main Street P. O. Box 190
Huntington Beach, CA 92648
Telephone No: 714-536-5555
Facsimile No: 714-374-1590
email:Andrew.Kornoff@surfcity-hb.org

(X) BY EMAIL: I caused all of the pages of the above-entitled document to be sent to the recipient noted at their email addresses indicated through electronic service.

(X) I declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this court at whose direction the service was made and that the above is true and correct. Executed on May 14, 2025 in Rancho Santa Margarita, California.

Yesenia Chan

Yesenia Chan