Savannah C. Skelton (SBN 328496)
**LEAL ▪ TREJO, APC**
3767 Worsham Avenue
Long Beach, CA 90808
Telephone: (213) 628-0808
Facsimile: (213) 628-0818
sskelton@leal-law.com

Attorneys for Defendant:
Officer Arthur Villa Jr.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ashley Bauer-Oldfield, Individually,<br>Plaintiff,<br>vs.<br>City of Huntington Beach, Chief of Police Eric G. Parra, Officer Arthur Villa Jr., Individually and DOES 1-20.<br>Defendants. | Case No. 8:24-cv-02700-CAS (JDE)<br><br>**DEFENDANT OFFICER ARTHUR VILLA JR.'S, ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

**ANSWER**

Defendant Officer Arthur Villa Jr., ("Defendant"), hereby files this Answer to Plaintiff Ashley Bauer-Oldfield's Second Amended Complaint, as follows:

1. Answering Paragraph 1, Defendant admits that Plaintiff's action, as alleged in the Second Amended Complaint, includes claims that arise under 42 U.S.C. § 1983, and that this Court properly has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

2. Answering Paragraphs 2 and 3, Defendant admits that, on the basis of the allegations set forth in the Second Amended Complaint, venue is proper in the Central

District of California and the Court has jurisdiction over Plaintiff's Claims made against the Defendant under California State Law.

3. Answering Paragraph 4, Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations, and on that basis denies those allegations.

4. Answering Paragraph 5, Defendant admits that Plaintiff is a natural person who resided in the State of California.

5. Answering Paragraph 6, Defendant admits that Defendant CITY OF HUNTINGTON BEACH is a municipal corporation existing under the laws of the State of California located within the jurisdiction of this Court.

6. Answering Paragraph 7, Defendant admits that Chief Parra was employed with the City of Huntington Beach Police Department and was an employee of the City. Defendant otherwise denies generally and specifically each and every allegation contained in the remainder of the Paragraph. Defendant otherwise generally denies that Defendant or any employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the Second Amended Complaint.

7. Answering Paragraph 8, Defendant admits that Officer Arthur Villa Jr. was employed with the City of Huntington Beach Police Department and was an employee of the City. Defendant otherwise denies generally each and every allegation contained in the remainder of the Paragraph. Defendant otherwise generally and specifically denies that Defendant or any employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the Second Amended Complaint.

8. Answering Paragraphs 9, 10, 11, 12, 13, 14, 15, 16, 17 Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations, and on that basis denies those allegations. Defendant also generally and specifically denies that

Defendant or any employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the Second Amended Complaint. Defendant further denies that Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission by Defendant or any other employees of Defendant CITY OF HUNTINGTON BEACH.

9. Responding to Paragraph 18 of the First Amended Complaint, Defendant alleges that this paragraph contains no factual allegations requiring a response. To the extent a response is deemed necessary, Defendant denies any allegations contained therein.

10. Answering Paragraph 19, Defendant admits that the Second Amendment of the Constitution of the United States of America protects American citizens from retaliation by governmental entities for a Citizen's lawful exercise of her rights under the First Amendment, and that 42 U.S.C. § 1983 provides a remedy for such alleged violations, however Defendant lacks sufficient information or knowledge to form a belief about the truth of the remainder of allegations, and on that basis must deny.

11. Answering Paragraph 20, Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations, and on that basis denies those allegations. Defendant also generally and specifically denies that Defendant or any other employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the Second Amended Complaint. Defendant further denies that Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission by Defendant or any other employees of Defendant CITY OF HUNTINGTON BEACH.

12. Answering Paragraph 21, Defendants admit that Plaintiff was a resident of the City of Huntington Beach on or about December 19, 2023. Defendant admits that during the course of duty, he responded to a call at Plaintiff's place of residence on or about December 19, 2023. Defendants lack sufficient information or knowledge to form

a belief about the truth of all other allegations in this paragraph, and on that basis must deny.

13. Responding to Paragraph 22, Defendant denies the allegations generally and specifically and further denies that Defendant or any other employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the Second Amended Complaint. Defendant further denies that Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission by Defendant or any other employees of Defendant CITY OF HUNTINGTON BEACH.

14. Responding to Paragraph 23, Defendant denies the allegations generally and specifically and further denies that Defendant or any other employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the Second Amended Complaint. Defendant further denies that Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission by Defendant or any other employees of Defendant CITY OF HUNTINGTON BEACH.

15. Responding to Paragraph 24, Defendant denies the allegations generally and specifically and further denies that Defendant or any other employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the Second Amended Complaint. Defendant further denies that Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission by Defendant or any other employees of Defendant CITY OF HUNTINGTON BEACH.

16. Answering Paragraphs 25 Defendant admits that the City investigated Plaintiff's allegations of sexual harassment. Defendant lacks sufficient information or

knowledge to form a belief about the truth of the allegations, and on that basis denies those allegations. Defendant also generally and specifically denies that Defendant or any other employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the Second Amended Complaint. Defendants further deny that Plaintiffs are entitled to an award of damages or any other relief as a result of any act or omission by Defendant or any other employees of Defendant CITY OF HUNTINGTON BEACH.

17. Answering Paragraphs 26, 27, 28, 29, 30, Defendant lacks sufficient information or knowledge to form a belief about the truth of all other allegations, and on that basis denies those allegations. Defendant also generally and specifically denies that he or any other employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the Second Amended Complaint. Defendant further denies that Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission by Defendant or any other employees of Defendant CITY OF HUNTINGTON BEACH.

18. Responding to Paragraph 31 of the Second Amended Complaint, Defendant alleges that this paragraph contains no factual allegations requiring a response. To the extent a response is deemed necessary, Defendant denies any allegations contained therein.

19. Answering Paragraphs 32, 33, 34, 35, 36 Defendant lacks sufficient information or knowledge to form a belief about the truth of all other allegations, and on that basis denies those allegations. Defendant also generally and specifically denies that he or any other employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the Second Amended Complaint. Defendant further denies that Plaintiff is entitled to an award of

damages or any other relief as a result of any act or omission by Defendant or any other employees of Defendant CITY OF HUNTINGTON BEACH.

20. Responding to Paragraph 37 of the Second Amended Complaint, Defendant alleges that this paragraph contains no factual allegations requiring a response. To the extent a response is deemed necessary, Defendant denies any allegations contained therein.

21. Answering Paragraphs 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, Defendant lacks sufficient information or knowledge to form a belief about the truth of all other allegations, and on that basis denies those allegations. Defendant also generally and specifically denies that he or any other employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the Second Amended Complaint. Defendant further denies that Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission by him or any other employees of Defendant CITY OF HUNTINGTON BEACH.

22. Responding to Paragraph 48 of the Second Amended Complaint, Defendant alleges that this paragraph contains no factual allegations requiring a response. To the extent a response is deemed necessary, Defendant denies any allegations contained therein.

23. Answering Paragraphs 49, 50, 51, 52 Defendant lacks sufficient information or knowledge to form a belief about the truth of all other allegations, and on that basis denies those allegations. Defendant also generally and specifically denies that he or any other employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the Second Amended Complaint. Defendant further denies that Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission by him or any other employees of Defendant CITY OF HUNTINGTON BEACH.

24. Responding to Paragraph 53 of the Second Amended Complaint, Defendant alleges that this paragraph contains no factual allegations requiring a response. To the extent a response is deemed necessary, Defendant denies any allegations contained therein.

25. In answering paragraphs 54, 55, 56, 57, 58 Defendant lacks sufficient information or knowledge to form a belief about the truth of all other allegations, and on that basis denies those allegations. Defendant also generally and specifically denies that he or any other employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the Second Amended Complaint. Defendant further denies that Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission by him or any other employees of Defendant CITY OF HUNTINGTON BEACH.

26. Responding to Paragraph 59 of the Second Amended Complaint, Defendant alleges that this paragraph contains no factual allegations requiring a response. To the extent a response is deemed necessary, Defendant denies any allegations contained therein.

27. In answering paragraphs 60, 61, 62, 63, 64, 65 Defendant lacks sufficient information or knowledge to form a belief about the truth of all other allegations, and on that basis denies those allegations. Defendant also generally and specifically denies that he or any other employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the Second Amended Complaint. Defendant further denies that Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission by him or any other employees of Defendant CITY OF HUNTINGTON BEACH.

28. Responding to Paragraph 66 of the Second Amended Complaint, Defendant alleges that this paragraph contains no factual allegations requiring a response. To the

extent a response is deemed necessary, Defendant denies any allegations contained therein.

29. In answering paragraphs 67, 68, 69, 70 Defendant lacks sufficient information or knowledge to form a belief about the truth of all other allegations, and on that basis denies those allegations. Defendant also generally and specifically denies that he or any other employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the Second Amended Complaint. Defendant further denies that Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission by him or any other employees of Defendant CITY OF HUNTINGTON BEACH.

30. Responding to Paragraph 71 of the Second Amended Complaint, Defendant alleges that this paragraph contains no factual allegations requiring a response. To the extent a response is deemed necessary, Defendant denies any allegations contained therein.

31. Answering Paragraph 72, Defendants admit that Article 1, Section 1 of the Constitution of the State of California provides that "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

32. Answering Paragraphs 73, 74, 75, 76, 77 Defendant lacks sufficient information or knowledge to form a belief about the truth of all other allegations, and on that basis denies those allegations. Defendant also generally and specifically denies that he or any other employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the Second Amended Complaint. Defendant further denies that Plaintiff is entitled to an award of

damages or any other relief as a result of any act or omission by him or any other employees of Defendant CITY OF HUNTINGTON BEACH.

33. Responding to Paragraph 77 of the Second Amended Complaint, Defendant alleges that this paragraph contains no factual allegations requiring a response. To the extent a response is deemed necessary, Defendant denies any allegations contained therein.

34. Answering Paragraphs 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89 Defendant lacks sufficient information or knowledge to form a belief about the truth of all other allegations, and on that basis denies those allegations. Defendant also generally and specifically denies that he or any other employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the Second Amended Complaint. Defendant further denies that Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission by him or any other employees of Defendant CITY OF HUNTINGTON BEACH.

35. Responding to Paragraph 90 of the Second Amended Complaint, Defendant alleges that this paragraph contains no factual allegations requiring a response. To the extent a response is deemed necessary, Defendant denies any allegations contained therein.

36. In answering Paragraphs 90, 91, 92, 93, 94, 95 Defendant lacks sufficient information or knowledge to form a belief about the truth of all other allegations, and on that basis denies those allegations. Defendant also generally and specifically denies that he or any other employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the Second Amended Complaint. Defendant further denies that Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission by him or any other employees of Defendant CITY OF HUNTINGTON BEACH.

37. Responding to Paragraph 96 of the Second Amended Complaint, Defendant alleges that this paragraph contains no factual allegations requiring a response. To the extent a response is deemed necessary, Defendant denies any allegations contained therein.

38. In answering Paragraphs 97, 98, 99, 100, 101, 102, 103, 104, 105, Defendant lack sufficient information or knowledge to form a belief about the truth of all other allegations, and on that basis denies those allegations. Defendants also generally and specifically denies that he or any other employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the Second Amended Complaint. Defendant further denies that Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission by him or any other employees of Defendant CITY OF HUNTINGTON BEACH.

39. Responding to Paragraph 100 of the Second Amended Complaint, Defendant alleges that this paragraph contains no factual allegations requiring a response. To the extent a response is deemed necessary, Defendant denies any allegations contained therein.

40. In answering Paragraphs 101, 102, 103 Defendant lacks sufficient information or knowledge to form a belief about the truth of all other allegations, and on that basis denies those allegations. Defendant also generally and specifically denies that any he or any other employee of Defendant CITY OF HUNTINGTON BEACH committed any tortious actions or constitutional violations, or otherwise is liable for or caused any tortious actions or constitutional violations as alleged in the Second Amended Complaint. Defendants further deny that Plaintiffs are entitled to an award of damages or any other relief as a result of any act or omission by him or any other employees of Defendant CITY OF HUNTINGTON BEACH.

///

//

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

41. Defendant is immune from liability under the *Federal Civil Rights Act* and California state law because the actions were reasonable, done in good faith and without malice under the authority of federal and state law.

**SECOND AFFIRMATIVE DEFENSE**

42. Plaintiff failed to state facts sufficient to support a cause of action against Defendant.

**THIRD AFFIRMATIVE DEFENSE**

43. Defendant is entitled to qualified immunity because there was no constitutional violation, the applicable law was not clearly established, and further, under federal court judicial doctrines and Constitutional protections.

**FOURTH AFFIRMATIVE DEFENSE**

44. The complaint fails to state valid claims for relief.

**FIFTH AFFIRMATIVE DEFENSE**

45. With regard to the claims brought under state law, neither a public entity nor a public employee is liable for his or her act or omission, exercising due care, in the execution of enforcement of any law.

**SIXTH AFFIRMATIVE DEFENSE**

46. Plaintiff's recovery should be barred as she consented to actions taken by Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

47. Any injury to Plaintiff was due to, and caused by, the negligence and omissions of Plaintiff to care for herself, which carelessness and negligence and omissions were the proximate cause of the damage, if any, to Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

48. That the damages, if any, should be in direct proportion to the fault of all Defendants, if any, as provided by Civil Code §§ 1431 to 1431.5.

**NINTH AFFIRMATIVE DEFENSE**

49. The acts or omissions complained of in the Second Amended Complaint were the result of the exercise of the discretion vested in public employees while acting in the scope of their public employment, and whether or not such discretion was abused, Defendants are immune from liability pursuant to Government Code sections 815.2(b), 820.2, and 840.6.

**TENTH AFFIRMATIVE DEFENSE**

50. Plaintiff failed to mitigate her damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

51. That any injury or damage suffered by Plaintiff was caused solely by reason of Plaintiff's wrongful acts and conduct and not by reason of any unlawful acts or omissions of the Defendants and therefore any recovery is barred by the doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

52. Plaintiff's own conduct estops Plaintiff from seeking the relief claimed in this lawsuit.

**THIRTEENTH AFFIRMATIVE DEFENSE**

53. Plaintiff's claims are barred by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure § 335.1 and California Government Code §§ 945.6 and 950.6.

**FOURTEENTH AFFIRMATIVE DEFENSE**

54. With regard to the claims brought under state law, Plaintiff's claims are barred by her failure to file a tort claim, and/or their tort claim fails to conform with the claims made in the operative Second Amended Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

55. The negligent or otherwise wrongful acts or omissions of a third party and/or parties were a superseding and intervening cause of Plaintiff's injuries.

**SIXTEENTH AFFIRMATIVE DEFENSE**

56. The facts alleged in the Second Amended Complaint do not involve any custom, practice, procedure or regulation of Defendants and/or no custom, practice, procedure or regulation of Defendants deprived Plaintiff of any federal right cognizable under 42 U.S.C. section 1983.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

57. Defendant acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time they acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

58. Plaintiff's claims are barred under the doctrine of mootness.

**NINETEENTH AFFIRMATIVE DEFENSE**

59. The *Tort Claims Act* as a measure of the duty of Defendant and that liability of Defendant is subject to any immunity provided by statute, and Defendant is immune from liability pursuant to all relevant statutes including, but not limited to, the provisions of California Government Code section 810 et seq., 815, 815.4, 815.6, 818, 818.6, 820.2, 821.4, 830.2, 830.4, 830.6, 830.8, 830.9, 831, 831.2, 831.21, 831.25, 831.3, 831.4, 831.6, 831.7, 831.8, 835, 835.2, 835.4, 840, 840.2, 840.4, and 840.6.

**TWENTIETH AFFIRMATIVE DEFENSE**

60. Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred cannot be determined until the Defendant has had an opportunity to complete discovery. Therefore, Defendant incorporates all such affirmative defenses as though fully set forth herein and reserve herein the right to assert additional defenses in the event that the discovery indicates they would be appropriate.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

61. Plaintiff's claims are barred, in whole or in part, by the doctrine of Separation of Powers.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

62. Plaintiff's claims are barred by her failure to pursue the administrative process and remedies available to her.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

63. The City and its officers had a legitimate, non-retaliatory motive for all actions taken.

**TWENTY-FORTH AFFIRMATIVE DEFENSE**

64. Punitive damages are violative of Due Process and Equal Protection considerations.

**WHEREFORE**, Defendant prays that Plaintiff takes nothing by way of her operative Second Amended Complaint and that Defendant herein recovers costs and such other and further relief as the Court may deem just and proper.

Date: July 11, 2025

Respectfully submitted,

Savannah C. Skelton
Attorney for Defendant,
Officer Arthur Villa, Jr.

**DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that OFFICER ARTHUR VILLA JR. demands trial by jury in the above-entitled action pursuant to Federal Rules of Civil Procedure 38(b) and Local Rule 38-1.

Date: July 11, 2025

Respectfully submitted,

Savannah C. Skelton
Attorney for Defendant,
Officer Arthur Villa, Jr.