# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ashley Bauer-Oldfield, Individually,<br><br>    Plaintiff,<br><br>vs.<br><br>City of Huntington Beach, Chief of Police Eric G. Parra, Officer Arthur Villa Jr., Individually and DOES 1-20.<br><br>    Defendants. | Case No. 8:24-cv-02700-CAS (JDE)<br><br>**STIPULATED PROTECTIVE ORDER** |

Based on the parties' Stipulation (Dkt. 35) and for good cause shown therein and in the record of this action, the Court finds and orders as follows.

1. **Definitions**. When used in this Order, the term:

    **(a)** "**Action**" means the above-entitled proceeding;

    **(b)** "**Confidential**" means any Documents, Testimony, or Information, as defined below, which is in the possession of a Designating Party that believes in good faith that such Documents, Testimony, or Information is entitled to confidential treatment under Federal Rule of Civil Procedure 26(c).

    **(c)** "**Confidential Materials**" means all Documents, Testimony, and Information, as defined below, designated as "Confidential" pursuant to this Order that qualify for protection under Federal Rule of Civil Procedure 26(c).

1

**STIPULATED PROTECTIVE ORDER**

**(d)** "**Court**" means any judge to which this Action may be assigned, including court staff.

**(e)** "**Designating Party**" shall refer to any party to this Action and any nonparty disclosing or producing Confidential Materials in connection with this Action.

**(f)** "**Disclose**," "**Disclosed**," or "**Disclosure**" means to give, make available, or reveal Confidential Materials, or any part thereof.

**(g)** "**Discovery Material**" shall refer to all Documents, Testimony, or Information produced, generated, or Disclosed in discovery in this Action, regardless of the medium or manner in which it was stored, generated, or maintained.

**(h)** "**Documents**" means (i) any "writing," "original," and "duplicate" as those terms are defined in FRCP Rule 26(b)(1); FRCP Rule 34(a)(1), which have been produced during discovery in this Action by any person or entity and (ii) any copies, summaries, or reproductions of the same, in whole or in part.

**(i)** "**Information**" means the content of Documents or Testimony, including individual records (and associated metadata) whether on paper, film, or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, and database content.

**(j)** "**Protected Material**" means any Disclosure or Discovery Material that is designated as "Confidential."

**(k)** "**Receiving Party**" shall refer to any party to this Action and any nonparty that receives Confidential Materials.

**(l)** "**Testimony**" means all depositions, declarations, or other testimony taken or used in this Action.

**2. <u>Scope.</u>** The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might

reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order. A Designating Party's designation of Discovery Material as Confidential Material constitutes a representation that such Discovery Material has been reviewed by counsel and that there is a good faith basis for such designation.

     **3. Duration.** All Discovery Material produced or Disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action and shall not be used for any other purpose. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearing, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

     **4. Disclosure of CONFIDENTIAL Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may Disclose Confidential Materials only to:

     **(a)** counsel of record in this Action, as well as counsel's employees to whom it is reasonably necessary to Disclose the Information in connection with this Action;

**(b)** the named parties including in-house counsel, officers, directors, and employees of the Receiving Party to whom Disclosure is reasonably necessary for this Action;

**(c)** experts, consultants, or investigators, including their staff, who have signed the Acknowledgment attached hereto as **Exhibit A**;

**(d)** outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, litigation support services, and translators engaged by the parties during this Action to whom Disclosure is reasonably necessary for this Action;

**(e)** the Court, any court to which a party petitions for discovery of a nonparty, any appellate court, necessary court personnel, and jurors;

**(f)** court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom Disclosure is reasonably necessary for this Action;

**(g)** during their depositions and deposition preparation, any witnesses in the Action to whom Disclosure is reasonably necessary and who have signed the Acknowledgment attached hereto as **Exhibit A** (although such individuals shall not be permitted to retain any copies);

**(h)** any mediator engaged by the named parties in connection with this Action;

**(i)** the author or recipient of a document containing the Confidential Materials or a custodian or other person who otherwise possessed or knew the Information; and

**(j)** other persons only after notice to all parties and upon order of the Court or upon written consent of the Designating Party.

5. **Acknowledgment.** Each expert, advisor, consultant, fact witness, or potential fact witness who receives Confidential Materials shall be shown a copy of this Order and be advised of its contents. Each such individual shall execute the Acknowledgement attached hereto as **Exhibit A**.

**6. <u>Designation of Protected Material.</u>** Designation of Documents, Information, or Testimony as containing Confidential Materials as set forth in Paragraphs 4 and 6 of this Order may be made at or prior to the time of production of Documents by stamping or otherwise affixing the legend "CONFIDENTIAL" on each page deemed Confidential, in a manner that does not interfere with the legibility of the Document. The Designating Party must limit designations of Confidential Materials to only those parts of Documents, Information, or Testimony that are clearly identified as containing Confidential Materials. When Confidential Materials are Disclosed in a form not appropriate for such placing or affixing, such Confidential Materials shall be designated as Confidential in writing at the time it is delivered to the Receiving Party.

**(a)** Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or impede the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**(b)** A Designating Party may designate as Confidential any portion of a transcript from a deposition deemed to contain such material. The Designating Party shall advise the court reporter and counsel of record at the beginning and end of the testimony containing Confidential Materials ("**Confidential Testimony**") either orally at the deposition or in writing no later than thirty (30) calendar days after receipt from the court reporter of the final deposition transcript. The reporter shall mark the designated portions as "CONFIDENTIAL" on the face of the transcript at the beginning and end of any portions of Confidential Testimony. Transcripts containing Confidential Testimony shall have an obvious legend on the title page that the transcript contains Confidential Materials, and the title page shall be followed by a list of all pages (including line numbers as

appropriate) that have been designated as Confidential . At the request of any party, the court reporter shall prepare a separate, original transcript that does not contain the Confidential Testimony. Copies of the transcript for counsel's use may contain both the Confidential Testimony and other testimony in a single volume. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Materials must be separately bound by the court reporter and may not be Disclosed to anyone except as permitted under this Order.

**(c)** Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7. **Maintaining CONFIDENTIAL Materials.** Any person or entity in possession of Confidential Materials shall maintain those materials in a reasonably secure manner, and shall not reveal or discuss such Information to or with any person not entitled to receive it, so that the Confidential Materials are not further Disclosed or used in any manner inconsistent with this Order. The protections conferred by this Order cover not only the protected Information itself, but also any Information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might Disclose protected material to persons not authorized to receive such material.

8. **Use of CONFIDENTIAL Materials.** Nothing in this Order shall be construed as limiting a Designating Party's use of its own Confidential Materials. If the Designating Party disseminates its own Confidential Materials outside of the confines of this Order, such Information shall no longer be subject to this Order. In addition, nothing in this Order shall prevent or in any way limit the Disclosure, use, or dissemination of any Confidential Materials that:

**(a)** are or became public knowledge, not in breach of this Order;

    **(b)** were acquired by a party from a nonparty having the right to Disclose such Information; or

    **(c)** were learned by a party as a result of that party's own independent efforts, investigation, or inquiry.

If a dispute arises as to Disclosure limitations for any specific Confidential Materials, the burden shall be on the party seeking unlimited Disclosure to prove that such Confidential Materials were lawfully obtained through the above means or sources.

    **9. <u>Inadvertent Production of Privileged Material</u>.** If a Receiving Party learns that, by inadvertence or otherwise, it has Disclosed privileged Materials to any person or in any circumstance not authorized under this Order, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

    **10. <u>Unauthorized Disclosure Of CONFIDENTIAL Material</u>.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

    **11. <u>Challenging Confidentiality Designations</u>.**

    **(a) Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's

confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**(b) Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**(c) Judicial Intervention.** If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically

waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

**(d)** The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the court rules on the challenge.

**12. CONFIDENTIAL Material Subpoenaed Or Ordered Produced In Other Litigation.** If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

**(a)** promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

**(b)** promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

**(c)** cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

**(d)** If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this

action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

13. **Miscellaneous.**

   **(a)** Counsel agree to be bound by the terms of this Order regarding any Confidential Materials that have been produced in this Action before the Court signs and enters the Order.

   **(b)** To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Order, even after the conclusion of this Action.

   **(c)** This Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other parties to modify this Order, subject to the Court's approval.

   **(d)** This Order may be executed in one or more counterparts, each of which is an original, and all of which together constitute only one agreement between the parties.

14. **Filing Protected Material.** Without written permission from the Designating Party or a court order, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rules and all applicable Court orders. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue based on an appropriate showing. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rules is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rules unless otherwise instructed by the court.

15. **Final Disposition.** Within 60 days after the final disposition of this action, as defined in Paragraph 3, each Receiving Party must return all Protected Material to the

Designating Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Designating Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 3.

**16. <u>Good Cause</u>**

This action is likely to involve confidential information pertaining to personnel records and other materials subject to privacy protections for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Limiting disclosure of these documents to the context of this litigation as provided herein will, accordingly, further important law enforcement objectives and interests, including the safety of personnel and the public, as well as the privacy rights of plaintiffs, the individual defendants, and third party witnesses.

Confidential information with respect to the Defendants may include: personnel files; internal investigative files and documents; email and written correspondence records; and policies and procedures that are kept from the public in the ordinary course of business, as well as other items subject to the Official Information Privilege and other privileges. Confidential information with respect to the Plaintiff may include: employment and financial records; email and written correspondence records; and psychological notes,

evaluations, and report and treatment plans relating to the treatment, care, and evaluation of the Plaintiff.

The parties reserve the right to challenge a designation of confidentiality pursuant to the terms set forth under Paragraph 8 of this Order.

Accordingly, to expedite the flow of information; to facilitate the prompt resolution of disputes over confidentiality of discovery materials; to adequately protect information the parties are entitled to keep confidential; to ensure that the parties are permitted to reasonably use such material in preparation for and in conduct of trial; to address their handling at the end of the litigation; and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner; and there is good cause why it should not be part of the public record of this case.

For good cause shown, IT IS SO ORDERED.

DATED: August 7, 2025

JOHN D. EARLY
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [NAME], of _____ [print/type address] declare under penalty of perjury that:

1. I have received a copy of the Stipulated Protective Order ("**Order**") in this Action, Case Number 8:24-cv-02700-CAS (JDE).

2. I have carefully read and understand the provisions of this Order and I agree to comply with and to be bound by all the terms.

3. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

4. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

5. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

6. Date: _____

7. City and State where sworn and signed: _____

8. Printed name: _____

9. Signature: _____

1
**STIPULATED PROTECTIVE ORDER**