UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

**Present: The Honorable**    CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Richard Herman

Attorneys Present for Defendants:

Andrew Kornoff
Savannah Skelton
Lerae Ettienne

**Proceedings:**    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(Dkt. 42, filed on February 13, 2026)

## I.    INTRODUCTION

On December 13, 2024, plaintiff Ashley Bauer-Oldfield filed this action against defendants the City of Huntington Beach (the "City"), Officer Shawn Randell, and Does 1-10 (collectively, "Defendants"). Dkt. 1. Plaintiff alleges (1) a violation of her right to petition under the First Amendment, pursuant to 42 U.S.C. § 1983 ("Section 1983"); and (2) a violation of the Bane Civil Rights Act ("Bane Act"), California Civil Code § 52.1. Dkt. 1. On December 18, 2024, plaintiff filed a First Amended Complaint, substituting defendant Officer Arthur Villa Jr. ("Villa") for defendant Officer Shawn Randell. Dkt. 10 ("FAC").

On March 14, 2025, defendants filed a motion to dismiss plaintiff's FAC. Dkt. 18. On April 14, 2025, the Court denied defendants' motion to dismiss plaintiffs' first claim as it pertains to the individual officer defendants. Dkt 23 at 10. The Court granted defendants' motion to dismiss plaintiffs first claim for relief as it pertains to the City and to officer defendants alleged to have committed violations in a supervisory capacity, with leave to amend. Id. The Court denied defendants' motion to dismiss plaintiffs' second claim for relief under the Bane Act as it relates to a First Amendment violation. Id. The Court granted defendants' motion to dismiss plaintiffs second claim for relief as it pertains to Bane Act violations unrelated to the First Amendment, with leave to amend. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

On May 14, 2025, plaintiff filed her operative Second Amended Complaint against the City, Villa, Chief of Police Eric G. Parra ("Parra"), and Does 1-20.[1] Dkt. 24 ("SAC"). Plaintiff asserts twelve claims for relief: (1) retaliation in violation of the First Amendment, pursuant to Section 1983, against all defendants; (2) sexual harassment under color of law, pursuant to Section 1983, against all defendants; (3) municipal liability, pursuant to Section 1983, against all defendants; (4) supervisory liability, pursuant to Section 1983, against Parra and Does 11-20 supervisors; (5) intentional infliction of emotional distress ("IIED"), against all defendants; (6) violation of the Bane Act, predicated on a violation of her right to petition under the First Amendment, against all defendants; (7) violation of the Bane Act, predicated on retaliation in violation of the First Amendment, against all defendants; (8) violation of the Bane Act, predicated on a violation of the right to privacy under Article 1, Section 1 of the California Constitution, against all defendants; (9) violation of the Bane Act, predicated on a violation of the First Amendment, against all defendants; (10) violation of the Bane Act, predicated on a violation of the Fourth Amendment, against all defendants; (11) violation of the Bane Act, predicated on a violation of the Fourteenth Amendment, against all defendants; and (12) violation of the Bane Act, predicated on a violation of Article 1 of the California Constitution, against all defendants.

On February 13, 2026, defendants filed the instant motion for summary judgment. Dkt. 42 ("Mot."). Defendants concurrently filed a statement of uncontroverted facts. Dkt. 42-2.

On March 2, 2026, plaintiff filed an opposition to defendants' motion. Dkt. 44 ("Opp."). Plaintiff concurrently filed a statement of genuine disputes, dkt. 45, and a statement of additional material facts, dkt. 46.

On March 9, 2026, defendants filed a reply. Dkt. 49 ("Reply"). Defendants concurrently filed a response to plaintiff's statement of genuine disputes, dkt. 50, and a response to plaintiff's statement of additional material facts, dkt. 49-1. The response covers the 316 facts asserted by defendants, dkt. 50 ("Resp. 1"), and the 19 additional facts independently asserted by plaintiff, dkt. 49-1 ("Resp. 2").

---

[1] Hereinafter, "defendants" includes the City, Villa, Chief of Police Eric G. Parra, and Does 1-20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

On March 23, 2026, the Court held a hearing.  Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Unless otherwise noted, the Court references only facts that are uncontroverted and to which evidentiary objections, if any, have been overruled.

As of December 2023, plaintiff was an adult resident of Huntington Beach, California.  Resp. 1 ¶ 1.  During the relevant time period, Officer Villa was employed as a police officer by the City of Huntington Beach.  Id. ¶ 2.

### A.    In-Person Contact Between Plaintiff and Officer Villa

In December 2023, plaintiff called 911 because her ex-boyfriend was acting disruptively and kicked her car outside her home.  Id. ¶ 3.  Plaintiff stated that her ex-boyfriend's kick caused damage to the passenger-side door of her vehicle, rendering the window inoperable.  Id. ¶ 4.  Officer Villa and another police officer responded to the 911 call that evening.  Id. ¶ 5.  By the time the officers arrived, plaintiff's ex-boyfriend had already left, and plaintiff spoke with the officers about the incident.  Id. ¶ 7.  The officers provided plaintiff with a card containing an incident number and then left the scene.  Id. ¶ 8.  On December 19, 2023, Officer Villa sent plaintiff a text message requesting additional information regarding the incident.  Id. ¶ 9.

Plaintiff stated that she saw Officer Villa in person only two times.  Id. ¶ 10.  The first time plaintiff met Officer Villa in person was after she made the 911 call.  Id. ¶ 6.  Plaintiff stated that the first time she saw Officer Villa in person was when he responded to her 911 call involving her ex-boyfriend.  Id. ¶ 11.  Plaintiff stated that the second time she saw Officer Villa in person was when he came to assess the damages to her car.  Id. ¶ 12.  Plaintiff never saw Officer Villa in person after he came to obtain the damages estimate.  Id. ¶ 13.  Plaintiff stated that she was never intimately involved with Officer Villa.  Id. ¶ 14.  Plaintiff stated that her communications with Officer Villa were limited to text messages and through Snapchat, a messaging application.  Id. ¶ 15.  During the relevant time period, plaintiff used her personal cellular number.  Id. ¶ 20.  During the relevant time period, Officer Villa used a messaging application with a Google Voice Number.  Id. ¶ 21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

### B.  Plaintiff's Communications with Officer Villa

On December 21, 2023, plaintiff initiated contact with Officer Villa regarding an unrelated citation involving her son and asked him for assistance outside the scope of the original 911-call incident.  Id. ¶ 22.  In response to plaintiff's text, Officer Villa stated that he was not sure that he could be of assistance, but that plaintiff might be able to speak with the City about a payment plan.  Id. ¶ 23.

During December 2023, plaintiff sent Officer Villa multiple text messages initiating topics unrelated to the 911 police response, including personal matters.  Id. ¶ 25.

In January 2024, plaintiff and Officer Villa continued their communications via text message.  See id. ¶¶ 28-200.  Some of their initial January 2024 communications related to the December 2023 incident involving plaintiff's ex-boyfriend and regarded plaintiff's vehicle repair estimates.  See id. ¶¶ 45-52.  In other communications, plaintiff and Officer Villa exchanged pleasantries and details about their personal lives.  See id. ¶¶ 31-32, 66-70; 102-106, 164-169.

However, communications between plaintiff and Officer Villa became flirtatious and explicitly sexual.  See id. ¶ 59 (On January 15, 2024, plaintiff texted Officer Villa, "btw you are so hot in your uniform."); id. ¶ 60 (Officer Villa responded, "Stoppppp it. You're gonna make me blush," and later stated, "especially coming from a sexy girl like you."); Id. ¶ 71 (At approximately 12:27 a.m. on January 16, 2024, plaintiff texted Officer Villa, "And just a thought… if you ever want to be 'unprofessional' outside of work. You know where I live."); id. ¶ 74 (At approximately 12:33 a.m., Officer Villa responded to plaintiff's prior message, stating, "I would love to get unprofessional with you some time," and confirmed that he passed by her residence while commuting).

Plaintiff and Officer Villa also exchanged sexually explicit photographs and videos.  For example, on January 16, 2024, at approximately 1:08 a.m., plaintiff sent Officer Villa a photograph depicting her body in underwear, accompanied by the message, "something to think about til next time."  Id. ¶ 77.  Officer Villa responded with an exclamatory message stating that the image would be all he was thinking about.  Id. ¶ 78.  The same day, Officer Villa sent plaintiff a video through an alternate messaging platform.  Id. ¶ 148.  Plaintiff and Officer Villa also discussed potentially meeting up in person and discussed sexual acts that they could engage in.  See id. ¶ 99, 109, 119-120.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

The evidentiary record contains photographs of plaintiff's personal journal entries that plaintiff contends were created contemporaneously during the relevant time period. Dkt. 44-2, Ex. A. Plaintiff contends that these journal entries reflect her contemporaneous thoughts and impressions regarding her interactions with Officer Villa, dkt. 44-1 at 2.

### C.      Plaintiff's Sexual Harassment Complaint and Initial Interview

Plaintiff alleges that she was sexually harassed based on a nude video sent by Officer Villa via Snapchat. Resp. 1 ¶ 201. The text message record reflects that plaintiff initiated and participated in an extended sexual exchange with Officer Villa during which she sent multiple explicit photographs of herself and later asked when she would receive a response from Officer Villa. Resp. 1 ¶ 202. After Officer Villa stated he had recorded a video but could not send it through the existing messaging platform, plaintiff provided her Snapchat username, and a nude video was thereafter transmitted through that application. Id. ¶ 203. Plaintiff testified that she did not request the nude video. Id. ¶ 204. The evidentiary record contains a video recording that plaintiff contends is the nude video sent to her by Officer Villa. Dkt. 44-4, Ex. C.

On January 19, 2024, plaintiff filed a complaint against Officer Villa with the Huntington Beach Police Department (the "Department" or "HBPD") and interviewed with Department investigators that same day. Id. ¶ 205. During the interview, plaintiff stated she believed it would be beneficial to continue communicating with Officer Villa because, in her view, it was "always good to have a Huntington Beach police officer" in case she got into trouble. Id. ¶ 206. Plaintiff stated that she did not know whether Officer Villa had done anything wrong, that she initially "played along" with the communications, and that she considered his conduct unprofessional. Id. ¶ 207.

On January 19, 2024, Officer Villa was notified by the Huntington Beach Police Department that plaintiff had filed a complaint regarding his text message communications with her. Id. ¶ 216. At no time prior to January 19, 2024, did plaintiff tell Officer Villa to stop texting her. Id. ¶ 217. On January 19, 2024, Officer Villa was instructed not to contact plaintiff for any reason. Id. ¶ 218. After January 19, 2024, Defendant Villa ceased all communications with plaintiff. Id. ¶ 219. Plaintiff continued to text Officer Villa after January 19, 2024, sending approximately fifty additional messages after the filing of her complaint. Id. ¶ 220.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

After January 19, 2024, Officer Villa did not stop plaintiff or any of her known personal associates, subject her to surveillance, harass her in any manner, nor did he instruct any other officer, City employee, or member of the public to do so. Id. ¶ 222.

**D.    Plaintiff's Public Disclosure of Her Complaint**

Plaintiff maintains an account on the social networking platform Nextdoor and posted details of her complaint against Officer Villa on that platform. Id. ¶ 223. Plaintiff later stated that she perceived certain responses that she received on Nextdoor to be threatening; however, she does not know the identity of the individuals who posted those messages and has no evidence that any commenter on Nextdoor was employed by the Huntington Beach Police Department. Id. ¶ 224. Plaintiff expressed hesitation about attending a January 30, 2024, interview with the Huntington Beach Police Department due to comments she received on Nextdoor, but she proceed with the interview. Id. ¶ 225. Plaintiff did not have any further interaction with the individual she perceived as threatening after the messaging with that person on Nextdoor. Id. ¶ 226. No individual associated with the Nextdoor comments appeared at plaintiff's residence or contacted her in person. Id. ¶ 227.

**E.    Plaintiff's January 30, 2024 Interview**

On January 30, 2024, plaintiff participated in a final interview with Sergeants Daniel Quidort and Brian Schrieber. Id. ¶ 228. During this interview, plaintiff stated that she found Officer Villa attractive and would have been willing to "hook up" with him if he had not been married. Id. ¶ 229.

Plaintiff also stated that she was upset because she believed Officer Villa failed to turn in the vehicle damages estimate after she told him she did not want to sleep with him. Id. ¶ 232. During the interview, Sergeant Quidort stated that Officer Villa uploaded the estimate and had written a supplemental report documenting that he had retrieved it. Id. ¶ 233.

Plaintiff stated that her friend Angela and her boyfriend encouraged her to continue communicating with Officer Villa because they believed it could benefit them in some way. Id. ¶ 237.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

### F.    Internal Investigation and Disposition of Plaintiff's Complaint

Sergeant Quidort was assigned to conduct an internal investigation regarding plaintiff's complaint against Officer Villa.  Id. ¶ 252.  There was no evidence that any of the Nextdoor comments were authored by Officer Villa or any employee of the Huntington Beach Police Department, id. ¶ 256; however, plaintiff believes that certain messages she received on Nextdoor that she perceived as threatening could have been sent by a member of the Department with in an attempt to "threaten[] [plaintiff] to stay quiet."  Dkt. 44-5, Declaration of Plaintiff Ashley Bauer-Oldfield ("Plaintiff Decl.") ¶ 11.  As part of the internal investigation, Sergeant Quidort interviewed Officer Villa in accordance with Department internal procedures.  Id. ¶ 257.  The matter was evaluated in accordance with Department internal affairs procedures and applicable policy guidelines.  Id. ¶ 260.

On April 17, 2024, the Department issued a written disposition letter to plaintiff informing her of the outcome of the investigation.  Id. ¶ 265.  The disposition letter informed plaintiff that the investigation was classified as "sustained" under Huntington Beach Police Department policy, meaning that the alleged act occurred and the investigation determined it was in violation of policy.  Id. ¶ 266.  The disposition letter did not disclose investigative findings or discipline imposed.  Id. ¶ 267.  The sustained finding reflected a determination that certain communications violated Department policy governing professional conduct.  Id. ¶ 268.

### G.    Plaintiff's Allegations of Post-Complaint Harassment by Other Officers

The parties dispute whether any member of the Department engaged in conduct to threaten or persuade plaintiff to withdraw her complaint or civil action or discourage her from participating in the investigation into her sexual harassment allegation against Officer Villa.  Id. ¶ 269-270.

Plaintiff testified that she believes she was repeatedly pulled over by members of the HBPD after filing her complaint; she estimates that she was subject to approximately twenty traffic stops between January 2024 and July 2025.  See id. ¶ 271.  The parties dispute whether these traffic stops resulted from the fact that plaintiff operated a vehicle with an expired temporary registration or whether the stops were conducted in retaliation for plaintiff's filing of her sexual harassment complaint.  See id. ¶ 275; Plaintiff Decl. ¶ 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

Plaintiff testified that in May 2025, during a birthday gathering at her home, police officers followed her friends as they left the gathering. See id. ¶ 277.

The evidentiary record contains a video recording that plaintiff contends was taken on June 3, 2024 by plaintiff's home camera and that "depicts the Huntington Beach Police Department following a group of [plaintiff's] friends around the block for no reason other than to intimidate them." Dkt. 44-1; dkt. 44-3, Ex. B.

The record also contains photographs of plaintiff's personal journal entries that plaintiff contends were created contemporaneously during the relevant time period and document instances in which she was allegedly "harassed by HBPD." See dkt. 44-2 at 4-6.

### H.    Plaintiff's Alleged Damages

Plaintiff testified that she sought therapy after the events at issue. Resp. 1 ¶ 283.

Plaintiff testified that she moved out of Huntington Beach in 2025 because she believed she was being constantly pulled over and felt harassed by police. Id. ¶ 284.

Plaintiff testified that the financial damages she attributes to defendants consist of the costs associated with moving from the City. Id. ¶ 285.

The parties dispute whether plaintiff experienced anxiety and fear as a result of her encounters with police after filing her complaint. Resp. 2 ¶¶ 14, 16.

### III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV.   DISCUSSION

Defendants move for summary judgment on all of plaintiff's claims. Mot. at 2.

### A.   Section 1983 Claims

#### 1.   First Amendment Retaliation

Defendants argue that they are entitled to summary judgment on plaintiff's First Amendment retaliation claim because no competent evidence tends to establish that "she was subjected to surveillance, harassment, repeated traffic stops, efforts to dissuade her from pursuing her complaint, and harassment of her friends by unidentified officers." Mot. at 17. Defendants argue that "[a]lthough Plaintiff testified that she maintained a log of these incidents, she has not produced the log or any documentary, photographic, or video evidence to substantiate the alleged stops, searches, or harassment." Id. Defendants further argue that "[e]ven assuming arguendo that the alleged stops or surveillance occurred, Plaintiff fails to demonstrate that her complaint was a substantial or motivating factor behind any alleged conduct," and that "Plaintiff does not connect any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

alleged [retaliatory] conduct to Officer Villa." Id.  Defendants also argue that plaintiff has not produced evidence establishing that Officer Villa, Chief Parra, or any other City representative participated in, directed, authorized, or even knew of the alleged post-complaint conduct. Id. at 18.

In opposition, plaintiff argues that there is a genuine dispute as to whether certain defendants retaliated against her for filing her sexual harassment complaint because "[plaintiff] testified to repeated traffic stops and harassment following [the filing of her] complaint." Opp. at 7.

In reply, defendants argue that plaintiff fails to raise a genuine dispute of fact as to her retaliation claim because the evidence in support of her claim consists only of her "subjective belief that she was targeted, without direct or circumstantial evidence to support [her belief]." Reply at 13.

Retaliation by state actors for exercising one's First Amendment right to speak freely and petition the government is actionable under § 1983. Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).  To state a First Amendment retaliation claim, a plaintiff must show that she: "(1) engaged in constitutionally protected activity; (2) the defendant's actions would 'chill a person of ordinary firmness' from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct—i.e., there was a nexus between the defendant's actions and an intent to chill speech.  Further, to prevail on such a claim, a plaintiff need only show that the defendant 'intended to interfere' with the plaintiff's First Amendment rights and that it suffered some injury as a result; the plaintiff is not required to demonstrate that its speech was actually suppressed or inhibited." Ariz. Students' Ass'n v. Ariz. Bd. of Regents, 824 F.3d 858, 867 (9th Cir. 2016) (citations omitted).

Here, the Court finds that there is sufficient evidence for a jury to conclude that plaintiff engaged in a protected First Amendment activity, in the form of filing her sexual harassment complaint with HBPD. Resp. 1 ¶ 205.  Second, there is also sufficient evidence for a jury to conclude that certain unidentified police officers engaged in conduct that would chill a person of ordinary firmness from continuing to engage in protected First Amendment activity, including subjecting plaintiff to repeated traffic stops without cause, see Resp. 1 ¶ 271, and following plaintiff's friends near plaintiff's home, see dkt. 44-3.  Third, there is sufficient evidence for a jury to conclude that there is a nexus between these unidentified officers' conduct and an intent to chill plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

speech.  Nonetheless, plaintiff may not maintain any claim against unnamed Doe defendants following the close of discovery.  See, e.g., M.D. v. Cnty. of San Bernardino, No. 5:22-CV-01357-SP, 2025 WL 3256463, at *12 (C.D. Cal. Nov. 14, 2025) ("Here, because discovery has closed without plaintiffs ascertaining the identity of Doe 1, Doe 1 will be dismissed from the case."); Sernoffsky v. Novak, 773 F. Supp. 3d 988, 1005 n.10 (S.D. Cal. 2025) ("Because discovery has closed and Plaintiffs have not identified any individuals they initially named as Does in this action, the Court DISMISSES Plaintiffs' claims against Does 1–15."); Stewart v. Boeing Co., No. CV 12-05621 RSWL EX, 2013 WL 6839411, at *6 (C.D. Cal. Dec. 23, 2013) ("Because Plaintiff has not identified the Doe defendants, despite having ample time to do so, the Doe defendants are dismissed from this Action.").  See also Wood v. Roberts, 978 F.2d 717 (9th Cir. 1992) ("[T]he district court held that a section 1983 action cannot be maintained against John Doe defendants. In general, this is correct."); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) ("[S]ituations arise … where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity *through discovery* to identify the unknown defendants.") (emphases added).  Accordingly, plaintiff's First Amendment retaliation claim against the unnamed Doe officers must be dismissed.

Although there is no direct evidence that Officer Villa engaged in the retaliatory conduct described above, a jury could nonetheless draw an inference from the existing record that Officer Villa authorized, acquiesced in, or even participated in the retaliatory conduct carried out by unidentified officers, given that part of this conduct allegedly occurred after plaintiff filed her sexual harassment complaint against Officer Villa.  See Resp. 1 ¶ 271, dkt. 44-3.  Accordingly, at this stage, the Court finds that Officer Villa is not entitled to summary judgment on plaintiff's First Amendment retaliation claim against him.  However, as explained below, the City and Chief Parra are entitled to summary judgment on plaintiff's First Amendment retaliation claim against them.

        2.    Sexual Harassment

Defendants argue that no reasonable jury could find that plaintiff was subject to sexual harassment in violation of Section 1983.  Id. at 19.  They argue that "[a]lthough Officer Villa's initial contact with Plaintiff arose from a legitimate police response, the communications at issue [that form the basis for plaintiff's sexual harassment claim] occurred outside any law enforcement function and were unrelated to investigation, detention, or enforcement activity"; accordingly, such conduct was not taken under color

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | March 23, 2026 |
|----------|------------------------|------|----------------|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

of state law. Id. at 19. Defendants also argue that "[e]ven if the communications were deemed state action, Plaintiff cannot demonstrate conduct that rises to the level of a constitutional deprivation" because Officer Villa's communications with plaintiff were not "sufficiently severe or pervasive to violate constitutional protections and [do not] reflect an abuse of official authority." Id. at 20.

In opposition, plaintiff argues that Officer Villa's communications with plaintiff occurred under color of state law because "Officer Villa's access to Plaintiff arose directly from his police response" and "[h]e would not have obtained her number, residence access, or personal familiarity but for his official duties." Opp. at 6. Moreover, plaintiff argues that there is a genuine dispute as to whether Officer Villa's communications with plaintiff constitute sexual harassment in violation of the Equal Protection Clause because "a power imbalance exist[ed]" between plaintiff and Officer Villa such that a jury could conclude that their communications "constituted [an unlawful] exploitation of [state] authority." Id.

In reply, defendants argue that the undisputed facts establish that Officer Villa's communications with plaintiff starting on December 21, 2023—after the police's official 911 response had concluded—did not occur under color of state law. Reply at 11. Defendants argue that plaintiff's "badge-derived authority" argument—that Officer Villa's "status as a police officer created a coercive dynamic that rendered the communications non-consensual as a matter of law"—"has no basis in the undisputed record and no support in Ninth Circuit authority." Id. at 12.

Section 1983 provides relief against a person who, acting under color of state law, deprives another of rights guaranteed under the U.S. Constitution. "To prove a case under § 1983, the plaintiff must demonstrate that (1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

"Action taken by a private individual may be 'under color of state law' where there is 'significant' state involvement in the action.' The extent of state involvement in the action is a question of fact." Lopez v. Dep't of Health Servs., 939 F.2d 881, 883 (9th Cir. 1991) (citation omitted). Here, there is a genuine dispute of fact as to whether Officer Villa's sexually explicit communications with plaintiff occurred under color of state law, given that his initial communications with plaintiff concerned an official police response to plaintiff's 911 call regarding a disturbance at plaintiff's home involving her ex-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

boyfriend. Resp. 1 ¶ 3. <u>See</u> also <u>Vena v. Moore, Schulman & Moore, APC</u>, No. 3:22-CV-0437-W-BLM, 2022 WL 3974500, at *3 (S.D. Cal. Aug. 31, 2022) ("Whether someone is acting under the color of State law is generally a question of fact, not law.") (citing <u>Schowengerdt v. Gen'l Dynamics Corp.</u>, 823 F.3d 1328, 1338 (9th Cir. 1987)).

"Sexual harassment and unwanted sexual contact may constitute a substantive due process violation under the Fourteenth Amendment." <u>Leveron v. City of Santa Ana</u>, No. 822CV01267RGKMAR, 2022 WL 3575421, at *10 (C.D. Cal. July 22, 2022). <u>See also</u> <u>Vazquez v. Cnty. of Kern</u>, 949 F.3d 1153, 1162 (9th Cir. 2020) (analyzing a sexual harassment claim "under the substantive due process right to be free from violations of bodily integrity"). "The threshold question is 'whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" <u>Id.</u> (quoting <u>Cnty. of Sacramento v. Lewis</u>, 523 U.S. 833, 848 n.8 (1998)). However, "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987) (citation omitted); <u>Patrick v. Martin</u>, 402 Fed. App'x 284, 285 (9th Cir. 2010) (sexual harassment claim based on verbal harassment insufficient to state a claim under § 1983).

Here, plaintiff's claim for sexual harassment under Section 1983 is predicated not on verbal harassment, but on Officer Villa's sexually explicit communications directed at plaintiff; these include text messages and a nude video of himself that he sent her. Resp. 1 ¶¶ 59-74; Dkt. 44-4. Given Officer Villa's status as a law enforcement officer, the Court finds that there is sufficient evidence for a jury to conclude that Officer Villa's sexually explicit communications with plaintiff "shock[s] the contemporary conscience" such that he violated plaintiff's Fourteenth Amendment due process right. <u>Vazquez v. Cnty. of Kern</u>, 949 F.3d 1153, 1162 (9th Cir. 2020); <u>see</u> <u>also</u> <u>Fontana v. Haskin</u>, 262 F.3d 871, 881 (9th Cir. 2001) ("[B]ehavior by officials that 'shocks the conscience' has been held to deprive liberty in violation of the due process clause of the Fourteenth Amendment."). This evidence includes what plaintiff asserts are her journal entries from the relevant time period. <u>See</u> Dkt. 44-2 at 8 ("I can't stand how creepy this cop is"; "his badge makes weak woman [sic] feel pressured."). Accordingly, Officer Villa is not entitled to summary judgment on plaintiff's sexual harassment claim against him.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02700-CAS-JDEx | Date | March 23, 2026 |
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

### 3.    Supervisory Liability

Defendants argue that plaintiff's claim for supervisor liability under Section 1983 fail because "Plaintiff does not allege that the Chief or any supervisory official personally participated in the alleged communications, traffic stops, surveillance, or harassment. Nor does she identify any directive, instruction, or authorization issued by a supervisory official relating to the alleged conduct." Mot. at 21. Moreover, defendants argue that there is "no evidence that any supervisor knew of, ratified, or acquiesced unconstitutional conduct" nor evidence of "any pattern of misconduct, prior complaints, or facts demonstrating that supervisory officials were on notice of a risk of constitutional violations" such that plaintiff may establish supervisory liability based on deliberate indifference. Id.

Pursuant to Section 1983, supervisory liability can be imposed if (1) the supervisor was personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). "A plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). Plaintiff has not set forth any evidence from which a jury could conclude that any supervisor, such as Chief Parra, was personally involved with or caused a violation of plaintiff's rights. Nor is there evidence that any supervisor had knowledge of and acquiesced in—or was deliberately indifferent to—any unconstitutional conduct carried out by his subordinates. Accordingly, the Court finds that plaintiff's fourth claim for relief against Chief Parra and Doe supervisors, pursuant to Section 1983, fails as a matter of law.

For the same reasons, plaintiff's First Amendment retaliation claim and sexual harassment claim against Chief Parra and Doe supervisors fail as a matter of law.

### 4.    Monell Claims

Defendants argue that plaintiff's Monell claim against Officer Villa and Chief Parra fail because Monell liability applies only to municipalities and local governmental entities. Mot. at 24. Substantively, defendants argue that plaintiff's Monell claims fails because plaintiff has failed to identify evidence establishing "any formal policy, longstanding custom, or widespread practice of the City that caused [plaintiff's] alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | March 23, 2026 |
|----------|------------------------|------|----------------|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

harm." Id. at 23. Moreover, defendants argue that "[p]laintiff offers no evidence that the Chief of Police or any final policymaker directed, authorized, or ratified unconstitutional conduct." Id. at 23. Moreover, they argue that "[p]laintiff has produced no evidence of deficient training, no pattern of similar violations, and no facts demonstrating deliberate indifference." Id.

In opposition, plaintiff argues that the evidentiary record "raises triable issues regarding supervisory oversight and the adequacy of disciplinary measures." Opp. at 7. Plaintiff further argues that "[w]hether the City's investigation and discipline were sufficient to prevent recurrence presents factual questions." Id.

In reply, defendants argue that the undisputed record forecloses plaintiff's Monell claim based on a theory of ratification because there is no evidence that the City ratified Officer Villa's conduct; rather, "[the City] investigated, sustained the finding, and disciplined Officer Villa." Reply at 14.

Local government entities may be sued directly under § 1983. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978). However, a municipal defendant may not be held liable for a Section 1983 violation caused by an individual employee's actions on a respondeat superior theory. Id. at 694. Rather, under Monell, municipal liability must be based on enforcement of a municipal policy or custom that causes a plaintiff to be deprived of a constitutional right, not merely on the municipality's employment of a constitutional tortfeasor. Id. at 691.

Generally, a plaintiff can demonstrate municipal liability for a constitutional violation in one of three ways. First, he can show that a person or entity with final decision-or policy-making authority within the municipality expressly adopted or executed an unconstitutional policy or gave an unconstitutional order. See id. at 694; Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986). Second, a plaintiff can prove that his injury was the result of a municipal custom, i.e., a practice "so permanent and settled" as to constitute a "custom or usage" of the municipal defendant. See Monell, 436 U.S. at 691; see also Pembaur, 475 U.S. at 481-82 n.10. Third, a local governmental body may be liable if its failure to train employees has caused a constitutional violation and the failure to train amounts to deliberate indifference to the rights of individuals with whom those employees come into contact. See City of Canton v. Harris, 489 U.S. 378, 388-89 (1989).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | March 23, 2026 |
|----------|------------------------|------|----------------|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

As an initial matter, plaintiff's <u>Monell</u> claims against Officer Villa, Chief Parra, and Does fail as a matter of law because <u>Monell</u> liability applies only to municipalities and local governmental entities, not individuals.

Plaintiff's <u>Monell</u> claim against the City also fails as a matter of law.  Plaintiff fails to point to any evidence from which a jury could conclude that: a person or entity with final decision-or policy-making authority within the City expressly adopted or executed an unconstitutional policy or gave an unconstitutional order; that the City had a longstanding custom or widespread practice that caused plaintiff harm; or that the City failed to train its employees or was otherwise deliberately indifferent to a violation of plaintiff's rights.  To the contrary, the record indicates that after plaintiff filed her complaint against Officer Villa, the City investigated her complaint and found that some of Officer Villa's communications violated the Department's policy governing professional conduct.  Resp. 1 ¶¶ 257-268.  Accordingly, plaintiff's <u>Monell</u> claim against the City fails.

### B.     Intentional Infliction of Emotional Distress

Defendants argue that plaintiff's claim for intentional infliction of emotional distress fails as a matter of law because "[t]he undisputed record demonstrates that the communications at issue were voluntarily initiated and continued by Plaintiff" and that "[a]t most, the conduct alleged reflects inappropriate personal communication." Mot. at 25.  Moreover, defendants argue that "[p]laintiff has not produced medical evidence, treatment records, or expert testimony demonstrating severe emotional distress proximately caused by Defendants' conduct." <u>Id.</u> at 25.  Defendants further argue that "Plaintiff identifies no conduct by the Chief [Parra] that could be characterized as extreme or outrageous." <u>Id.</u>  Defendants also argue that "Plaintiff identifies no statutory basis imposing direct IIED liability on the City," and that the City may not be held vicariously liable for its employees actions here because "there is no underlying tort upon which to predicate vicarious liability" and because "the alleged communications were personal in nature and unrelated to official duties." <u>Id.</u> at 25-26.

In opposition, plaintiff argues that there is a genuine dispute as to whether defendants engaged in extreme and outrageous conduct and as to whether plaintiff suffered "significant emotional harm following the events and public exposure." Opp. at 8.  Plaintiff further argues that "[m]edical documentation [of plaintiff's injuries] is not required at summary judgment to create a triable issue." <u>Id.</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

In reply, defendants argue that plaintiff's IIED claim fails as a matter of law because the evidence establishes that plaintiff's communications with Officer Villa were "[m]utual[,] … voluntary[, and] sustained at Plaintiff's own initiative and attributed to her own stated motivations." Reply at 16.

As discussed, plaintiff may not maintain any claim against unnamed Doe defendants following the close of discovery. See, e.g., M.D. v. Cnty. of San Bernardino, No. 5:22-CV-01357-SP, 2025 WL 3256463, at *12 (C.D. Cal. Nov. 14, 2025) ("Here, because discovery has closed without plaintiffs ascertaining the identity of Doe 1, Doe 1 will be dismissed from the case with prejudice."). Thus, plaintiff's intentional infliction of emotional distress claims against the unnamed Doe defendants must be dismissed.

"Vicarious liability is available for intentional infliction of emotional distress." Morse v. Cnty. of Merced, No. 116CV00142DADSKO, 2017 WL 2958733, at *18 (E.D. Cal. July 11, 2017) (citing Lawson v. Superior Court, 180 Cal.App.4th 1372, 1383, 103 Cal.Rptr.3d 834 (2010)). Because there is sufficient evidence that the Doe officers and Officer Villa retaliated against plaintiff within the scope of their employment with the City, and because there is sufficient evidence that Officer Villa engaged in retaliatory conduct against plaintiff, the Court must analyze whether there is sufficient evidence to maintain plaintiff's intentional infliction of emotional distress claims against Officer Villa and the City based on the officers' conduct.

In order to prevail on a claim for intentional infliction of emotional distress, a plaintiff must establish: (1) that the defendant engaged in outrageous conduct; (2) that the defendant engaged in such conduct with the intention of causing plaintiff to suffer emotional distress; (3) that the plaintiff suffered severe emotional distress; and (4) that the plaintiff's emotional distress was actually and proximately caused by the defendant's conduct. Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 1001 (1993). To qualify as outrageous, conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Christiansen v. Sup.Ct., 54 Cal.3d 868, 903 (1991). "Whether a defendant's conduct rises to the level of extreme and outrageous ordinarily is a question for the jury. The Court thus may grant summary judgment only if no reasonable jury could find Defendants' conduct to have been so extreme and outrageous as to warrant recovery." Quyen Kim Dang v. City of Garden Grove, No. SACV 10-00338 DOC, 2011 WL 3419609, at *12 (C.D. Cal. Aug. 2, 2011) (citing Trerice v. Blue Cross of Cal., 209 Cal.App.3d 878, 883 (1989)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

While a close call, the Court finds that there is insufficient evidence for a reasonable jury to conclude that the Doe officers and Officer Villa engaged in the requisite extreme and outrageous conduct to sustain plaintiff's claim for intentional infliction of emotional distress. The evidence could support a jury finding that the officers stalked plaintiff's friends on one or two occasions and subjected plaintiff to approximately twenty unlawful traffic stops over the course of a year, in retaliation for her filing her sexual harassment complaint. See Dkt. 44-3, Ex. B; see Resp. 1 ¶¶ 271, 277. However, there is no evidence that any of these allegedly unlawful stops involved any physical contact with plaintiff or threats of physical harm to plaintiff. Cf. Kiseskey v. Carpenters' Tr. for So. California, 144 Cal.App.3d 222, 230 (1983) (holding that "threats of physical violence or death" constitute extreme and outrageous conduct). While a reasonable jury could conclude that plaintiff in suffered severe emotional distress as a result of the officers' conduct, see dkt. 44-5, Plaintiff's Decl. ¶¶ 12, 14, 17 (plaintiff's declaration that she experienced such significant emotional distress as a result of Doe officers' conduct that she moved out of Huntington Beach), there is insufficient evidence that the officers' conduct was extreme and outrageous as a matter of law. See Kiseskey, 144 Cal.App.3d at 230.

There is also insufficient evidence for a jury to conclude that Officer Villa intentionally inflicted emotional distress on plaintiff based on his sexual communications with plaintiff. The Court need not decide whether Officer Villa's sexually explicit communications with plaintiff constitute extreme and outrageous conduct. This is so because there is no evidence that Officer Villa's conduct *caused* plaintiff to suffer severe emotional distress. Rather, plaintiff's declaration states that she suffered "significant" emotional distress as a result of Doe officers' stalking and traffic stops, not as a result of Officer Villa's sexual communications with her. Dkt. 44-5, Plaintiff's Decl. ¶ 12 ("[T]he frequency and timing [of Doe officers' traffic stops] caused me fear and distress."). There is no evidence that Officer Villa's sexual communications caused plaintiff to suffer severe emotional distress.

Accordingly, Officer Villa and the City are entitled to summary judgment on plaintiff's IIED claims against them.

Because there is no evidence that Chief Parra engaged in any outrageous conduct with the intent of causing and in fact causing plaintiff to suffer severe emotional distress, plaintiff's IIED claim against Chief Parra also fails as a matter of law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

### C.    Bane Act

Defendants argue that plaintiff's Bane Act claims fail because "the record contains no evidence that Officer Villa, the City[,] or the Chief acted with the specific intent required to interfere with any protected right or reckless disregard thereof." Mot. at 26. They argue that "Plaintiff's post-complaint harassment allegations are conclusory and do not identify any Defendant as having engaged in, directed, or authorized any retaliatory conduct." Id. at 27. Moreover, the defendants argue that plaintiff fails to set forth evidence stablishing that any defendant interfered with her rights through threats, intimidation, or coercion because "[s]he offers no documentary or corroborating evidence." Id. at 27. Defendants further argue that plaintiff fails to produce any evidence establishing "a causal connection between [any] defendant's acts and the alleged interference with [her] rights." Id. at 28. They argue that no evidence tends to establish that unidentified officers engaged in retaliatory conduct because plaintiff filed her complaint with the Department. Id. at 28.

In opposition, plaintiff argues that there is a genuine dispute as to whether Officer Villa violated her rights through coercion because "a jury [could] find[] that Officer Villa abused [his police] authority … to pursue [a] sexual engagement" with plaintiff. Opp. at 8.

In reply, defendants argue that plaintiff's Bane Act claims fail because "[p]laintiff does not identify a specific threat, a specific demand, or a specific act designed to interfere with any of her constitutional rights." Reply at 15.

"The Bane Act civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out by threats, intimidation or coercion. Section 52.1 provides a cause of action for violations of a plaintiff's state or federal civil rights committed by threats, intimidation, or coercion." Reese v. Cnty. of Sacramento, 888 F.3d 1030, 1040 (9th Cir. 2018) (citations and quotations omitted). Two elements are required to state a Bane Act claim: "(1) intentional interference or attempted interference with a state or federal constitutional or legal right; and (2) the interference or attempted interference was by threats, intimidation or coercion." McFarland v. City of Clovis, 163 F. Supp. 3d 798, 806 (E.D. Cal. 2016) (citing Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67 (2015)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

As to plaintiff's Bane Act claim that is predicated on Officer Villa's violation of plaintiff's First Amendment right to petition without retaliation,[2] the Court finds that Officer Villa is not entitled to summary judgment on plaintiff's claim against him. There is sufficient evidence for a jury to conclude that Officer Villa engaged in conduct that interfered with plaintiff's First Amendment right by threats, intimidation, or coercion, including by subjecting plaintiff to traffic stops and stalking plaintiff's friends in retaliation for her filing her sexual harassment complaint. See Resp. 1 ¶ 271; dkt. 44-3. However, because there is no evidence of retaliation by Chief Parra, Chief Parra is entitled to summary judgment on plaintiff's Bane Act claim that is predicated on a violation of plaintiff's First Amendment right to petition.

Similarly, Officer Villa is not entitled to summary judgment on plaintiff's tenth claim for relief—violation of the Bane Act predicated on a violation of plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. A jury could conclude that Officer Villa conducted traffic stops on plaintiff with "a specific intent to violate [plaintiff's] right to freedom from unreasonable seizure," Reese v. Cnty. of Sacramento, 888 F.3d 1030, 1043 (9th Cir. 2018), and that such traffic stops were conducted by threats, intimidation or coercion. However, because there is no evidence that Chief Parra conducted an unreasonable search, Chief Parra is entitled to summary judgment on plaintiff's tenth claim for relief.

To the extent that plaintiff's twelfth claim for relief—violation of the Bane Act predicated on a violation of Article 1 of the California Constitution—is predicated on a violation of Article I, Section 13 of the California Constitution, Officer Villa is not entitled to summary judgment on this claim. Article I, section 13 protects "against unreasonable searches and seizures …. " Cal. Const. art. I, § 13. Because there is sufficient evidence for a jury to conclude that Officer Villa's conduct violated plaintiff's Fourth Amendment right, there is also sufficient evidence for a jury to conclude that the their conduct violated plaintiff's right to be free from unreasonable searches and seizures

---

[2] This claim appears duplicated in plaintiff's Second Amendment Complaint and is asserted as plaintiff's sixth claim, "Retaliation- Violation of Bane Act- Cal.Civ. Code §52.1," seventh claim, "Right to Petition - Violation of Bane Act- Cal.Civ. Code §52.1," and ninth claim "First Amendment - Violation of Bane Act- Cal.Civ. Code §52.1." See SAC. The Court dismisses plaintiff's seventh and ninth claims as duplicative of her sixth claim. See Sorosky v. Burroughs Corp., 826 F.2d 794, 802 (9th Cir. 1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | | Date | March 23, 2026 |
|---|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | | |

under Article I, Section 13 of the California Constitution, which "is parallel to the Fourth Amendment." Fitzpatrick v. City of Los Angeles, No. CV 21-6841JGB (SPX), 2024 WL 3464174, at *6 (C.D. Cal. June 13, 2024) ("The Court's Fourth Amendment analysis applies with equal force to Plaintiffs' claims under Article I § 13.") (citing Hill v. Nat'l Collegiate Athletic Ass'n, 7 Cal. 4th 1, 29 (1994)). However, because there is no evidence that Chief Parra conducted an unreasonable search, he is entitled to summary judgment on plaintiff's twelfth claim for relief against him.

As to the City's liability for plaintiff's Bane Act claims, "'[c]ourts have consistently held that public entities may be held vicariously liable for a violation of § 52.1 ....'" Ernesto Jasso v. Cnty. of Los Angeles et al., No. 14-cv-09110-MWF-VBKx, 2015 WL 13916216, at *12 (C.D. Cal. Oct. 13, 2015) (quoting D.V. v. City of Sunnyvale, No. 14-cv-2155-RMW, 65 F.Supp.3d 782, 2014 WL 4072338, at *4 (N.D. Cal. Aug. 14, 2014)). For vicarious liability to attach, there must be evidence that the Bane Act violations occurred within the scope of the officers' employment. Id. Here, given evidence that Doe officers and Officer Villa conducted traffic stops on plaintiff and stalked her friends using a police vehicle in retaliation for her filing her complaint, see Resp. 1 ¶ 271, dkt. 44-3, a jury could conclude that the officers engaged in such conduct within the course of their employment. Accordingly, the City is not entitled to summary judgment on plaintiff's viable Bane Act claims that are predicated on Officer Villa's and the Doe officers conduct. See WPEngine, Inc. v. Automattic Inc., No. 24-CV-06917-AMO, 2025 WL 2637505, at *17 (N.D. Cal. Sept. 12, 2025) ("Ordinarily, the determination whether an employee has acted within the scope of employment presents a question of fact.").

The Court further finds that Officer Villa is entitled to summary judgment on plaintiff's eleventh claim for relief—violation of the Bane Act predicated on an alleged violation of plaintiff's Fourteenth Amendment right. As discussed, while the evidence could support a jury finding that Officer Villa's sexual communications with plaintiff violated her Fourteenth Amendment right, there is no evidence that he specifically intended to interfere with plaintiff's Fourteenth Amendment right. See Ochoa v. City of Los Angeles, No. 2:20-CV-06963-AB-AGR, 2025 WL 3248088, at *12 (C.D. Cal. Aug. 11, 2025) ("To state a Bane Act claim, a plaintiff must … show that a defendant had the specific intent to violate a protected right."). All other defendants are also entitled to summary judgment on plaintiff's eleventh claim for relief because there is no evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | March 23, 2026 |
|----------|------------------------|------|----------------|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

that they intentionally interfered with or attempted to interfere with plaintiff's Fourteenth Amendment right.

All defendants are entitled to summary judgment on plaintiff's eighth claim for relief—violation of the Bane Act predicated on plaintiff's right to "privacy" under Article 1, Section 1 of the California Constitution. "California's Constitution includes an express right to privacy (Cal. Const. art. I, § 1), which in many contexts is broader and more protective of privacy than the right to privacy implied in the federal Constitution." Alfaro v. Terhune, 98 Cal. App. 4th 492, 508 (2002) (citations omitted). "To state a claim for violation of the right [to privacy under Article 1, § 1], a plaintiff must establish: (1) a legally protected privacy interest, (2) a reasonable expectation of privacy, and (3) an intrusion so serious in nature, scope, and actual or potential impact as to constitute an egregious break of social norms." Navarro v. City of Mountain View, No. 21-CV-05381-NC, 2021 WL 5205598, at *6 (N.D. Cal. Nov. 9, 2021). Plaintiff does not point to any authority supporting that a traffic stop of plaintiff's vehicle, even if unreasonable, violates her right to privacy under Article 1, Section 1 of the California Constitution. Plaintiff cites no authority suggesting that stalking plaintiff's friends on a public road near plaintiff's home violates her right to privacy under Article 1, Section 1 of the California Constitution. Plaintiff cites no authority suggesting that receiving unwanted sexual communications from a law enforcement officer violates her right to privacy under Article 1, Section 1 of the California Constitution. The Court is unaware of any such authority. Accordingly, all defendants are entitled to summary judgment on plaintiff's eighth claim for relief.

## V.    CONCLUSION

In accordance with the foregoing, with regard to the first claim for relief, the Court **DENIES** defendants' motion for summary judgment as to Officer Villa but **GRANTS** defendants' motion for summary judgment as to Chief Parra and the City.

With regard to the second claim for relief, the Court **DENIES** defendants' motion as to Officer Villa but **GRANTS** defendants' motion as to Chief Parra and the City.

With regard to the third claim for relief, the Court **GRANTS** defendants' motion as to Officer Villa, Chief Parra, and the City.

With regard to the fourth claim for relief, the Court **GRANTS** defendants' motion as to Chief Parra.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL          'O'

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

With regard to the fifth claim for relief, the Court **GRANTS** defendants' motion as to Officer Villa, Chief Parra, and the City.

With regard to the sixth claim for relief, **DENIES** defendants' motion as to Officer Villa and the City but **GRANTS** defendants' motion as to Chief Parra.

With regard to the seventh claim for relief, the Court **GRANTS** defendants' motion as to Officer Villa, Chief Parra, and the City.

With regard to the eighth claim for relief, the Court **GRANTS** defendants' motion as to Officer Villa, Chief Parra, and the City.

With regard to the ninth claim for relief, the Court **GRANTS** defendants' motion as to Officer Villa, Chief Parra, and the City.

With regard to the tenth claim for relief, the Court **DENIES** defendants' motion as to Officer Villa and the City but **GRANTS** defendants' motion as to Chief Parra.

With regard to the eleventh claim for relief, the Court **GRANTS** defendants' motion as to Officer Villa, Chief Parra, and the City.

With regard to the twelfth claim for relief, the Court **DENIES** defendants' motion as to Officer Villa and the City but **GRANTS** defendants' motion as to Chief Parra.

All Doe defendants are hereby dismissed.

IT IS SO ORDERED.

|  | 00 | : | 12 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |