SAVANNAH C. SKELTON (SBN 328496)
**LEAL ▪ TREJO, APC**
3767 Worsham Avenue
Long Beach, CA 90808
Telephone: (213) 628-0808
Facsimile: (213) 628-0818
Email: sskelton@leal-law.com

Attorneys for Defendant:
OFFICER ARTHUR VILLA, JR.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Ashley Bauer-Oldfield, Individually,

Plaintiff,

vs.

City of Huntington Beach, Chief of Police Eric G. Parra, Officer Arthur Villa Jr., Individually; and DOES 1-20.

Defendants.

**Case No. 8:24-cv-02700-CAS (JDE)**

*[Honorable Judge Christina A. Snyder, presiding, Dept. 8D]*

**DEFENDANT OFFICER ARTHUR VILLA JR.'S NOTICE OF AND MOTION IN LIMINE TO EXCLUDE EVIDENCE NOT PRODUCED IN DISCOVERY AND/OR PRODUCED AFTER THE DISCOVERY CUTOFF DATE**

**Hearing**
**Date:** April 27, 2026
**Time:** 11:00 a.m.
**Dept.:** 8D

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE**, that on April 27, 2026, at 11:00 a.m., in Department 8D of the First Street U.S. Courthouse, located at 350 West First Street, Los Angeles, California 90012, Defendant OFFICER ARTHUR VILLA JR. ("Villa"), by and through the undersigned counsel, hereby move this Court pursuant to Federal Rules of Civil Procedure, Rule 37, for an order in limine excluding any and all evidence, documents, exhibits, or testimony that Plaintiff Ashley Bauer-Oldfield failed to produce during discovery or produced after the discovery cutoff date.

This motion is based on the following Memorandum of Points and Authorities, the pleadings and papers on file in this action, and any oral argument presented at the hearing on this matter.

Date: March 30, 2026

Respectfully submitted,

Savannah C. Skelton
Attorney for Defendant,
Officer Arthur Villa, Jr.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

Defendant seeks an order excluding all evidence that Plaintiff Ashley Bauer-Oldfield failed to disclose or produce during the discovery period or that was produced after the discovery cutoff date established by this Court. The Federal Rules of Civil Procedure impose mandatory disclosure obligations on all parties and provide a mechanism for automatic exclusion of evidence. Plaintiff's failure to comply with these discovery obligations has prejudiced Defendants' ability to prepare their defense and warrants exclusion of the untimely disclosed evidence.

### II. Statement of Facts

This action was filed on May 14, 2025. Plaintiff produced nothing in the initial disclosures, made on or about October 2025. On December 9, 2025, Defendant City of Huntington Beach ("City") propounded written discovery. Plaintiff did not respond until January 16, 2026, at which time she asserted that "responding party does not have any" documents responsive to each request.

Plaintiff's deposition was substantially delayed—first by counsel's unavailability from September through the majority of November 2025 due to international travel, then by Plaintiff's own unavailability through mid-January 2026 due to an in-person rehabilitation program. Plaintiff was ultimately deposed on January 20, 2026, and produced no additional documents at or in advance of her deposition. On January 30, 2026, the discovery cutoff, Defendant Officer Villa propounded written discovery on Plaintiff. Plaintiff neither supplemented her prior responses nor produced any responsive materials before the discovery cutoff.

Relying on the evidentiary record developed through discovery, Defendants filed a joint Motion for Summary Judgment on February 13, 2026. On March 2, 2026, Plaintiff filed her opposition, citing and relying upon documents never previously produced—including the journal entries, damages evidence, and post-complaint

surveillance video at issue in this motion. She did not produce those documents until March 4, 2026, two days after filing her opposition, five weeks after the discovery cutoff and after Defendants had already filed their dispositive motion.

Plaintiff's failure to timely disclose these materials deprived Defendants of any meaningful opportunity to investigate the evidence, conduct follow-up discovery, or test their authenticity and admissibility prior to trial. The admission of such evidence would result in substantial prejudice to Defendants. Defendants also seek exclusion of any additional evidence that Plaintiff has failed to produce to date.

## III. Legal Standard

Federal Rule of Civil Procedure 26 requires parties to disclose documents they intend to use at trial and to supplement those disclosures as additional materials become available. Pretrial disclosures identifying each exhibit a party expects to offer must be made at least thirty days before trial. Fed. R. Civ. P. 26(a)(3).

The consequences for non-compliance are mandatory. A party that fails to provide information required by Rule 26(a) or (e) may not use that information at trial unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Exclusion is automatic—the burden falls on the non-disclosing party to demonstrate substantial justification or harmlessness. Neither can be established here.

## IV. Argument

### A. Plaintiff Failed to Produce Evidence During Discovery and Ahead of the Discovery Cutoff in Violation of the Federal Rules of Civil Procedure

Plaintiff was required to disclose all documents and evidence she intended to use at trial pursuant to Federal Rule of Civil Procedure 26 and this Court's scheduling order. She did not. The journal entries, damages evidence, and post-complaint surveillance video were in Plaintiff's possession, custody, and control throughout the discovery period. None were produced in Plaintiff's initial disclosures. Each was responsive to Officer's discovery requests — specifically, the Request for Production of Documents

Nos. 2, 4 & 8; and City's Request for Production of Documents Nos. 1, 2, 3, 6 & 8 — yet none were produced during the discovery period. They first appeared on March 4, 2026, attached to Plaintiff's opposition to Defendants' motion for summary judgment, nearly five weeks after the Court's January 30, 2026, discovery cutoff.

This was not inadvertent delay. The materials were in Plaintiff's possession at all relevant times, her disclosure obligations were affirmative and mandatory, and no exception to those obligations applies. The late production violated both Rule 26 and this Court's scheduling order and warrants exclusion under Federal Rule of Civil Procedure 37(c)(1), which provides that a party who fails to provide information required by Rule 26 may not use that information at trial unless the failure was substantially justified or harmless. It was neither.

**B. The Automatic Sanction of Exclusion Applies**

As Plaintiff failed to timely disclose the evidence as required by Rule 26(a), she is not allowed to use this evidence at trial unless the failure was substantially justified or is harmless. Plaintiff cannot establish that her failure to disclose was substantially justified as there were multiple requests for such evidence and all delays in fact-finding were due to Plaintiff and her counsel's unavailability.

Plaintiff cannot establish that her failure to disclose is harmless. As detailed below, Defendants have been substantially prejudiced by the lack of timely disclosure.

**C. Defendants Have Been Prejudiced by Plaintiff's Failure to Timely Disclose**

Defendants have suffered substantial prejudice as a result of Plaintiff's failure to timely disclose. With discovery closed, Defendants have been deprived of any opportunity to depose Plaintiff and other witnesses about the documents' authenticity, context, and meaning; to retain experts to analyze or rebut the evidence; to investigate the circumstances of the evidence's creation, including when it was made, by whom, and whether it has been altered; and to conduct third-party discovery to verify or challenge the evidence. Allowing Plaintiff to introduce evidence withheld through the

close of discovery would create unfair surprise and deprive Defendants of a fair opportunity to defend against the claims. The prejudice to Defendants cannot be remedied at this late stage. There is no mechanism available to cure what full and timely disclosure would have permitted.

**D. Exclusion Is the Appropriate and Mandatory Remedy**

Exclusion of the untimely disclosed evidence is the appropriate remedy under the circumstances. The Federal Rules of Civil Procedure provide that evidence not disclosed in accordance with Rule 26(a) shall not be allowed at trial unless the failure was substantially justified or harmless.

Plaintiff's failure to timely disclose was neither substantially justified nor harmless. The automatic sanction of exclusion should therefore apply. Exclusion serves the important purposes of ensuring compliance with discovery obligations, preventing unfair surprise at trial, protecting the integrity of the discovery process, and ensuring that parties have a fair opportunity to prepare their cases.

**E. The Evidence Should Also Be Excluded Under Rule 403**

Even if the Court were to find the late disclosure substantially justified or harmless, the evidence should independently be excluded under Federal Rule of Evidence 403. Its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Defendants were denied the opportunity to investigate, test, and rebut this evidence during discovery. The jury would evaluate it without understanding that limitation, creating a risk of undue weight being given to materials whose authenticity, context, and meaning were never subject to adversarial testing. Those are disputes that should have been resolved in discovery, not at trial.

## V. Conclusion

The Court should grant this motion and exclude all evidence which was not timely disclosed from trial.

WHEREFORE, Defendants respectfully request that this Court grant this Motion in Limine and enter an order:

1. Excluding from evidence at trial any and all documents, exhibits, testimony, or other evidence that Plaintiff Ashley Bauer-Oldfield failed to produce during discovery or produced after the discovery cutoff date;
2. Prohibiting Plaintiff, her counsel, and witnesses from making any reference to such evidence in the presence of the jury;
3. Requiring Plaintiff to establish substantial justification or harmlessness outside the presence of the jury before any reference is made to such evidence;
4. Awarding Defendant reasonable expenses, including attorney's fees, caused by Plaintiff's failure to timely disclose evidence; and
5. Granting such other and further relief as the Court deems just and proper.

Date: March 30, 2026

Respectfully submitted,

Savannah C. Skelton
Attorney for Defendant,
Officer Arthur Villa, Jr.

# CERTIFICATE OF SERVICE

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case Name: *Bauer-Oldfield v City of Huntington Beach, et. al.*
Case No.: 8:24-cv-02700-CAS (JDE)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 3767 Worsham Avenue, Long Beach, California 90808.

I am not a party to the above-entitled action. I have caused service of:

**DEFENDANT'S NOTICE OF AND MOTION IN LIMINE TO EXCLUDE EVIDENCE NOT PRODUCED IN DISCOVERY AND/OR PRODUCED AFTER THE DISCOVERY CUTOFF DATE**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Counsel for City of Huntington Beach and Chief Parra:**
Andrew F Kornoff, Esq.
andrew.kornoff@surfcity-hb.org
chris@surfcity-hb.org
michele.hoffman@surfcity-hb.org

**Counsel for Plaintiff:**
Richard Paul Herman
rherman@richardphermanlaw.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 30th day of March, 2026, in Long Beach, California.

Jessica C. Shewmaker
Jessica C. Shewmaker