UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02700-CAS-JDEx | Date | July 15, 2026 |
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

| | |
|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER |

| | | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS):

DEFENDANT OFFICER ARTHUR VILLA JR.'S MOTIONS *IN LIMINE* 1-4 (Dkts. 54-57, filed March 30, 2026)

DEFENDANT CITY OF HUNTINGTON BEACH'S MOTION *IN LIMINE* (Dkt. 58, filed March 30, 2026)

PLAINTIFF'S MOTION *IN LIMINE* (Dkt. 59, filed March 30, 2026)

## I. INTRODUCTION

On December 13, 2024, plaintiff Ashley Bauer-Oldfield filed this action against defendants the City of Huntington Beach (the "City"), Officer Shawn Randell, and Does 1-10 (collectively, "Defendants"). Dkt. 1. Plaintiff alleges (1) a violation of her right to petition under the First Amendment, pursuant to 42 U.S.C. § 1983 ("Section 1983"); and (2) a violation of the Bane Civil Rights Act ("Bane Act"), California Civil Code § 52.1. Dkt. 1. On December 18, 2024, plaintiff filed a First Amended Complaint, substituting defendant Officer Arthur Villa Jr. ("Officer Villa") for defendant Officer Shawn Randell. Dkt. 10 ("FAC").

On March 14, 2025, defendants filed a motion to dismiss plaintiff's FAC. Dkt. 18. On April 14, 2025, the Court denied defendants' motion to dismiss plaintiffs' first claim as it pertains to the individual officer defendants. Dkt 23 at 10. The Court granted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL ‘O’**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02700-CAS-JDEx | Date | July 15, 2026 |
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

defendants' motion to dismiss plaintiffs first claim for relief as it pertains to the City and to officer defendants alleged to have committed violations in a supervisory capacity, with leave to amend. Id. The Court denied defendants' motion to dismiss plaintiffs' second claim for relief under the Bane Act as it relates to a First Amendment violation. Id. The Court granted defendants' motion to dismiss plaintiffs second claim for relief as it pertains to Bane Act violations unrelated to the First Amendment, with leave to amend. Id.

On May 14, 2025, plaintiff filed her operative Second Amended Complaint against the City, Villa, Chief of Police Eric G. Parra ("Chief Parra"), and Does 1-20.[1] Dkt. 24 ("SAC"). Plaintiff asserts twelve claims for relief: (1) retaliation in violation of the First Amendment, pursuant to Section 1983, against all defendants; (2) sexual harassment under color of law, pursuant to Section 1983, against all defendants; (3) municipal liability, pursuant to Section 1983, against all defendants; (4) supervisory liability, pursuant to Section 1983, against Parra and Does 11-20 supervisors; (5) intentional infliction of emotional distress ("IIED"), against all defendants; (6) violation of the Bane Act, predicated on a violation of her right to petition under the First Amendment, against all defendants; (7) violation of the Bane Act, predicated on retaliation in violation of the First Amendment, against all defendants; (8) violation of the Bane Act, predicated on a violation of the right to privacy under Article 1, Section 1 of the California Constitution, against all defendants; (9) violation of the Bane Act, predicated on a violation of the First Amendment, against all defendants; (10) violation of the Bane Act, predicated on a violation of the Fourth Amendment, against all defendants; (11) violation of the Bane Act, predicated on a violation of the Fourteenth Amendment, against all defendants; and (12) violation of the Bane Act, predicated on a violation of Article 1 of the California Constitution, against all defendants.

On February 13, 2026, defendants filed a motion for summary judgment. Dkt. 42 ("Mot."). On March 23, 2026, the Court granted the motion in part and denied it in part. Dkt. 53. The following claims remain: first claim for retaliation, pursuant to Section 1983, against Officer Villa; second claim for sexual harassment, pursuant to Section 1983, against Officer Villa; sixth claim for violation of the Bane Act, predicated on a violation of the First Amendment, against Officer Villa; tenth claim for violation of the

[1] Hereinafter, "defendants" includes the City, Villa, Chief of Police Eric G. Parra, and Does 1-20.

Bane Act, predicated on a violation of the Fourteenth Amendment, against Officer Villa and the City; and twelfth claim for violation of the Bane Act, predicated on a violation of Article 1 of the California Constitution, against Officer Villa and the City. Id. at 22-23.

On March 30, 2026, Officer Villa filed the instant motions *in limine*: (1) a motion to exclude evidence not produced in discovery or produced after the discovery cutoff date; (2) a motion to exclude evidence of insurance coverage; (3) a motion to exclude evidence of responses that plaintiff received on the Nextdoor social networking platform; and (4) a motion to exclude all testimony regarding the alleged post-complaint surveillance of plaintiff's friends and the home camera video recording submitted as Exhibit B (Dkt. 44-3). Dkts. 54-57.

On March 30, 2026, the City filed the instant motion *in limine* to exclude all evidence and testimony by plaintiff that seeks to provide a legal opinion regarding alleged traffic stops. Dkt. 58.

On March 30, 2026, plaintiff filed the instant motion *in limine* to exclude any reference to plaintiff's alleged prior convictions for purposes of impeachment. Dkt. 59.

On April 14, 2026, Officer Villa and the City filed an opposition to plaintiff's motion *in limine*. Dkt. 63.

On April 15, 2026, plaintiff filed oppositions to the City's and Officer Villa's motions *in limine*. Dkts. 64-68.

On April 27, 2026, the Court held a hearing on the parties' motions *in limine*. On June 30, 2026, the Court held another hearing regarding evidentiary issues in this case. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

The background in this case is known to the parties and set forth in the Court's March 23, 2026 order. Dkt. 53.

## III. LEGAL STANDARD

A motion *in limine* is "a procedural device to obtain an early and preliminary ruling on the admissibility of evidence." Goodman v. Las Vegas Metro. Police Dep't,

963 F. Supp. 2d 1036, 1046 (D. Nev. 2013). Trial courts have broad discretion when ruling on such motions. See Jenkins v. Chrysler Motor Corp., 316 F.3d 664, 664 (7th Cir. 2002). Moreover, such rulings are provisional and "not binding on the trial judge" on the court. Ohler v. United States, 529 U.S. 753, 758 n.3 (2000). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Ind. Ins. Co. v. Gen. Elec. Co., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## IV. DISCUSSION

### A. Officer Villa's Motions

#### 1. Officer Villa's Motion *in Limine* #1

Officer Villa moves to exclude all evidence that plaintiff "failed to disclose or produce during the discovery period or that was produced after the discovery cutoff date established by this Court." Dkt. 54 ("Villa MIL 1") at 3.

Officer Villa argues that plaintiff introduced evidence—"including the journal entries, damages evidence, and post-complaint surveillance video"—in early March 2026, "five weeks after the discovery cutoff and after Defendants had already filed their dispositive motion." Villa MIL 1 at 3-4. Officer Villa argues that plaintiff's failure to timely disclose these materials prejudiced defendants by "depriving [them] of any meaningful opportunity to investigate the evidence, conduct follow-up discovery, or test their authenticity and admissibility prior to trial." Id. at 4. Moreover, Officer Villa argues that plaintiff's untimely disclosure of such evidence was not substantially justified because each item of evidence was "in Plaintiff's possession, custody, and control throughout the discovery" and was not produced during the discovery period despite that each was responsive to Officer Villa's discovery requests for production of documents. Id. at 4-5.

In opposition, plaintiff argues that "[t]he evidence at issue—including Plaintiff's journal entries, damages related materials, and video evidence—was disclosed prior to trial and presented in connection with summary judgment." Dkt. 66 ("Opp. to Villa MIL 1") at 2. Plaintiff argues that "there was no delay and if there was any delay in disclosure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL 'O'**

| Case No. | 8:24-cv-02700-CAS-JDEx | Date | July 15, 2026 |
|---|---|---|---|
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

it was harmless, and because Defendant cannot demonstrate meaningful prejudice, [Officer Villa's motion] should be denied." Id. at 3.

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). See also Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1028 (9th Cir. 2003) ("[I]n the absence of ... a [substantial] justification the district court may validly exclude, as a discovery sanction, evidence not produced in discovery.") (citing Fed. R. Civ. P. 37(c)(1)). "[A] party may not wait until the last day of discovery to disclose the identity of witnesses or documents that the party reasonably knows it may use in support of its claims or defenses." See Lopez v. United Parcel Serv. Gen. Serv. Corp., 2006 WL 8441568, at *2 (D. Nev. Jan. 19, 2006); see also Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc., Case No. CV 16-84 FMO (AJWx), 2017 WL 2906015, at *3 (C.D. Cal. May 9, 2017) (finding that the defendant's disclosure of additional subject fact witnesses three days before the close of discovery was untimely and neither substantially justified nor harmless). "Evidence preclusion is a "harsh" sanction, and the Court has broad discretion to preclude or allow the use of evidence not timely disclosed, supplemented, or corrected." Jed Behar et al. v. Northrup Grumman Corp. et al., No. 2:21-CV-03946-HDV-SK, 2026 WL 795486, at *1 (C.D. Cal. Mar. 19, 2026) (quoting R&R Sails, Inc. v. Ins. Co. of Pa., 673 F.3d 1240, 1247 (9th Cir. 2012)).

Here, on August 11, 2025, the Court issued a scheduling order setting the cut-off for factual discovery for January 30, 2026, and the trial date for May 12, 2026. Dkt. 38. On March 2, 2026, plaintiff disclosed new evidence in support of her claims—including her alleged journal entries and a post-complaint surveillance video—as part of her opposition to defendants' motion for summary judgment. See dkt. 44. Plaintiff's disclosure of such evidence came more than a month after the Court's cut-off for factual discovery. See dkt. 44. Plaintiff does not challenge this sequence of events. See generally Opp. to Villa MIL 1.

The evidence that plaintiff disclosed on March 2, 2026 was untimely. Nonetheless, because such evidence may be relevant to the merits of this case, the Court finds that the exclusion of such evidence is inappropriate, given that defendants have known about the evidence since March 2026. Instead, Officer Villa and the City should be given the

opportunity to depose plaintiff regarding the creation of her journal entries and the surveillance video to determine, among other things, their authenticity. The Court orders plaintiff to make herself immediately available for a deposition, regarding such evidence, that shall occur no later than May 5, 2026.

Accordingly, the Court **DENIES** Officer Villa’s first motion *in limine*. The Court **ORDERS** plaintiff to make herself immediately available for a deposition, regarding her untimely-disclosed evidence, that shall occur no later than May 5, 2026.

2. Officer Villa’s Motion *in Limine* #2

Officer Villa “seeks an order prohibiting [plaintiff], her counsel, and any witnesses from introducing evidence, making reference to, or eliciting testimony regarding the existence or non-existence of any liability insurance policy moves to exclude all evidence “regarding the existence or non-existence of any liability insurance policy or coverage that may be available to Defendants [the City] and [Officer Villa].” Dkt. 55 (“Villa MIL 2”) at 3.

Officer Villa argues that under Federal Rule of Evidence 411, “[a]ny evidence regarding the existence or non-existence of liability insurance coverage for Defendants is inadmissible if offered to prove that Defendants acted negligently or otherwise wrongfully.” Id. at 4. Moreover, Officer Villa argues that “[p]laintiff cannot establish any permissible purpose for introducing evidence of Defendants' insurance coverage … [such as] to prove bias, prejudice, agency, ownership, or control.” Id. at 5.

In response, plaintiff states: “Plaintiff will not introduce evidence of insurance for the improper purpose of suggesting that Defendants acted negligently or that a judgment would be paid by an insurer.” Dkt. 67 (“Opp. to Villa MIL 2”) at 3.

“Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully.” Fed. R. Evid. 411. To the extent that plaintiff seeks to introduce evidence regarding the existence or non-existence of any liability insurance policy or coverage for the City or Officer Villa for the purpose of proving whether these defendants acted negligently or wrongfully, such evidence must be excluded under Rule 411. In this case, it does not appear that evidence of insurance could be admissible to prove bias, prejudice, agency, ownership, or control. See Fed. R. Evid. 411.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02700-CAS-JDEx | Date | July 15, 2026 |
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

Accordingly, the Court **GRANTS** Officer Villa's second motion *in limine* and to preclude plaintiff from seeking to offer evidence of insurance for any purpose.

3. Officer Villa's Motion *in Limine* #3

Officer Villa seeks to exclude evidence of messages that plaintiff allegedly received on the Nextdoor social networking platform. Dkt. 56 ("Villa MIL 3") at 3. Officer Villa argues that "(1) the [messages] are inadmissible hearsay for which no exception applies; (2) no foundation exists connecting the unidentified commenters to any Defendant; and (3) the absence of such foundation renders the [messages] irrelevant to Plaintiff's remaining claims, and their admission would invite the jury to speculate about attribution and motive in a manner that substantially outweighs any probative value." Id. at 3.

In opposition, plaintiff argues that the Nextdoor messages are not hearsay because they are not offered for their truth but offered to show "[t]he impact on Plaintiff's mental and emotional state, "[t]he fear and distress caused by the [messages]," and "[t]he environment of hostility following [plaintiff's sexual harassment] complaint." Dkt. 65 ("Opp. to Villa MIL 3") at 3. Moreover, plaintiff argues that the "evidence is not offered to prove that Defendants authored the statements." Id. at 4.

As an initial matter, the Court concludes that the Nextdoor messages, if properly authenticated, are not hearsay. They would be offered not for their truth, but rather to show a basis for plaintiff's claimed emotional distress. Nonetheless, before any Nextdoor messages may be introduced or referenced at trial, plaintiff must show the Court, out of the presence of the jury, the messages she intends to introduce to determine whether an adequate foundation has been laid.

Accordingly, the Court **DENIES** Officer Villa's third motion *in limine*, subject to plaintiff's establishing that the messages were authored or were expressly or impliedly authorized by defendants.

4. Officer Villa's Motion *in Limine* #4

Officer Villa moves to exclude all testimony regarding the alleged surveillance of plaintiff's friends following plaintiff's filing of her complaint and plaintiff's home camera video recording submitted as Exhibit B (Dkt. 44-3). Dkt. 57 ("Villa MIL 4") at 2.

Officer Villa argues that “Plaintiff’s testimony about statements her friends made regarding being followed by police — including descriptions of what occurred and expressions of belief that they were being targeted — are out-of-court statements by non-party declarants offered to prove the truth of the matters asserted.” Id. at 4.

Officer Villa further argues that Exhibit B, which plaintiff alleges is a video recording from her home camera depicting Department police following her friends outside her home, see dkt. 44-3, Officer Villa argues that this video is inadmissible for lack of authentication and foundation because plaintiff “cannot establish the identity of the individuals depicted, their affiliation with the Department, or that their conduct was connected to her complaint.” Id. at 4. Moreover, Officer Villa argues that even if the video were authenticated, it is irrelevant because “[it] depicts unidentified individuals near Plaintiff's home” and “[n]o witness has identified any person depicted as a Department employee or as acting under any Defendant’s direction.” Id. at 5. Officer Villa argues that admitting the video would be unfairly prejudicial under Rule 403. Id. at 5. Officer Villa further argues that Exhibit B may not be authenticated by plaintiff’s counsel under California Rule of Professional Conduct 3.7. Id. at 5-6.

In opposition, plaintiff argues that she may properly testify about her personal observations regarding her friends being surveilled. Dkt. 68 (“Opp. to Villa MIL 4”) at 3. Plaintiff further argues that Exhibit B will be properly authenticated at trial through her testimony that she recorded or obtained the video and that the video fairly and accurately depicts what she personally observed. Id.

The Court finds that plaintiff’s testimony about statements her friends made to her regarding being followed by police are inadmissible hearsay to the extent that such statements are offered to prove that her friends were in fact followed by police. However, such evidence may be admissible to support plaintiff’s claims for emotional distress. Plaintiff may testify as to matters of which she has personal knowledge, including conduct that she may have perceived as the surveillance of her friends by police. See Fed. R. Evid. 602.

The Court further finds that Exhibit B—which plaintiff purports to be video from her home camera—is admissible, assuming that plaintiff can properly authenticate it. The video, which appears to have been taken on June 3, 2024 at 23:15, depicts what appears to be a vehicle and bicycle moving down a street, followed by a police vehicle driving down the street. See dkt. 44-3. Although the identities of the individuals in the

video cannot be ascertained from the video, there is sufficient evidence "to support a finding that the [video] is what the [plaintiff] claims it is"—that is, a video depicting a member or members of the Department following plaintiff's friends. See Fed. R. Evid. 901. Such evidence is probative on the issue of whether Officer Villa retaliated in fact against plaintiff for filing her complaint by authorizing or participating in efforts to intimidate plaintiff by following her friends in a police vehicle. While a close question, the Court finds that the probative value of such evidence is not substantially outweighed by its prejudicial effect under Rule 403.

Accordingly, the Court **DENIES** Officer Villa's fourth motion *in limine* to exclude the video recording from plaintiff's home camera, subject to plaintiff's authentication of the video.

**B. The City's Motion**

The City moves to exclude all documentary evidence and testimony by plaintiff that seeks to provide a legal opinion regarding alleged traffic stops she was subjected to after she filed her sexual harassment complaint against Officer Villa. Dkt. 58 ("City MIL") at 3.

The City argues that Federal Rule of Evidence 701 precludes plaintiff from offering her opinion regarding the legality of the traffic stops that she was allegedly subjected to in retaliation for her filing her sexual harassment complaint against Officer Villa. Id.

In opposition, plaintiff argues that "[she] is entitled to testify about what she saw, heard, and experienced, including the circumstances of each stop and the conduct of officers." Dkt. 64 ("Opp. to City MIL") at 3.

As an initial matter, the City's motion *in limine* is improper because it exceeds the maximum of four motions *in limine* that the Court has allowed each side to file. See dkt. 38. Plaintiff may testify as to the circumstances surrounding the traffic stops that she was allegedly subjected to after she filed her complaint against Officer Villa. See United States v. Crawford, 239 F.3d 1086, 1090 (9th Cir. 2001) (A lay witness may testify "as to an ultimate issue of fact [if their] testimony is otherwise admissible."). Plaintiff may not offer her legal conclusions as to whether such stops were lawful. See id. ("The lay witness may not, however, testify as to a legal conclusion.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02700-CAS-JDEx | Date | July 15, 2026 |
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

Accordingly, the Court **GRANTS** the City's motion *in limine* to the extent that it seeks to preclude plaintiff from offering her legal opinion as to the lawfulness of the traffic stops she was allegedly subjected to.

### C. Plaintiff's Motion

Plaintiff moves to exclude any reference to her alleged prior convictions for purposes of impeachment. Dkt. 59 ("P MIL") at 2. Plaintiff does not provide any details as to the nature of her alleged prior convictions. See generally id.

In opposition, defendant argues that plaintiff's following convictions or charges may be admitted to impeach her: [2]

> In 2007, plaintiff pled guilty to multiple counts including possession of a controlled substance, drug paraphernalia, being under the influence of a controlled substance, unauthorized possession of a hypodermic needle or syringe, and falsely representing herself to a peace officer.
>
> In 2014, plaintiff was convicted of receiving stolen property under [California Penal Code] 496(a) and possession of a check or similar instrument with intent to defraud under [California Penal Code] 475(b).
>
> In 202[6],[3] plaintiff pled guilty to possession of a forged driver's license and identification card to facilitate forgery and two counts of identity theft with intent to defraud.
>
> In 2025, plaintiff faced charges stemming from a traffic stop, including her charges for possession of a controlled substance and drug paraphernalia.

See dkt. 63 ("Opp. to P MIL") at 2-3.

---

[2] The Court assumes that these are the only convictions defendants seek to proffer. The parties shall inform the Court is there are other convictions at issue.

[3] The record indicates that plaintiff pled guilty to these crimes on March 12, 2026; she committed these crimes on November 22, 2024. Superior Court of California, County of Orange, Case Search No. 25WF3429, https://visionpublic.occourts.org/Case.do?d-7346840-p=1&d-7346840-s=2&d-7346840-o=2#formAnchor. See also Dkt. 86 at 3.

As an initial matter, with regard to plaintiff's 2025 charges resulting from a traffic stop, these charges do not appear to have resulted in any conviction. Accordingly, it is not appropriate to analyze the admissibility of these charges under Fed. R. Evid. 609. To the extent that plaintiff asserts that she was subjected to a traffic stop in 2025 in retaliation for her filing her complaint against Officer Villa, defendants may demonstrate that the stop was not retaliatory because the stop resulted in charges against plaintiff for possession of a controlled substance and drug paraphernalia.

"Under Rule 609(a), evidence of a prior conviction may be admitted for impeachment purposes if the probative value out-weighs the prejudicial effect of admission." United States v. Martinez-Martinez, 369 F.3d 1076, 1088 (9th Cir. 2004). "[A] trial court should consider: (1) the impeachment value of the prior crime; (2) the temporal relationship between the conviction and the defendant's subsequent criminal history; (3) the similarity between the past and the charged crime; (4) the importance of [witness'] testimony; and (5) the centrality of the credibility issue." Id. (citing United States v. Cook, 608 F.2d 1175, 1185 n.8 (9th Cir.1979)). "While a trial court need not analyze each of the five factors explicitly, 'the record should reveal, at a minimum, that the trial judge was aware of the requirements of Rule 609(a)(1).'" Id. (quoting United States v. Jimenez, 214 F.3d 1095, 1097–98 (9th Cir.2000)).

However, "for any crime regardless of punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). See also United States v. Rochelle, 131 F.3d 150 (9th Cir. 1997) ("A conviction for any crime involving dishonesty or a false statement, such as wire fraud, is admissible under Rule 609(a)(2) without any balancing analysis.").

"[I]f more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," "[e]vidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b).

1. 2007 Convictions

According to defendants, "[i]n 2007, [p]laintiff pled guilty to multiple counts including possession of a controlled substance, drug paraphernalia, being under the influence of a controlled substance, unauthorized possession of a hypodermic needle or syringe, and falsely representing herself to a peace officer." Opp to P MIL at 2.

Plaintiff's convictions for drug possession and being under the influence of a controlled substance from nearly twenty years ago are of little or no relevance to plaintiff's character for truthfulness, which is at issue in this case. See Zinman v. Black & Decker (U.S.), Inc., 983 F.2d 431, 434 (2d Cir. 1993) ("Congress intended that convictions over ten years old be admitted very rarely and only in exceptional circumstances.") (citation and quotation omitted). In other words, establishing the elements of the crimes of drug possession or being under the influence of a controlled substance do not require proving a dishonest act or false statement. Thus, regardless of whether 10 years have elapsed since these convictions or plaintiff's release from confinement resulting from these convictions (if any), these convictions are inadmissible. See Fed. R. Evid. 609(a)(2), 609(b).

On the other hand, a conviction for any crime involving dishonesty or a false statement—including plaintiff's conviction for falsely representing herself to a peace officer—may be subject to mandatory admission under Fed. R. Evid. 609(a)(2). See United States v. Rochelle, 131 F.3d 150 (9th Cir. 1997) ("A conviction for any crime involving dishonesty or a false statement, such as wire fraud, is admissible under Rule 609(a)(2) without any balancing analysis."). However, if more than ten years have passed since plaintiff's conviction for falsely representing herself to a peace officer or plaintiff's release from confinement (if any), whichever is later, "[e]vidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."[4] Fed. R. Evid. 609(b).

[4] "[A] written notice, in order to give the adversary a fair opportunity to contest the use of the evidence [of a conviction older than ten years], will ordinarily include such information as the date of the conviction, the jurisdiction, and the offense or statute

The Court finds that plaintiff's 2007 conviction for falsely representing herself to a peace officer should be admitted under Rule 609(b). Even though plaintiff's 2007 conviction is more than ten years old, the Court finds that the probative value of the conviction substantially outweighs its prejudicial effect. The Ninth Circuit has outlined five factors for courts to consider when balancing the probative value of evidence against the prejudicial effect under Rule 609: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of [the party's] testimony; and (5) the centrality of [the party's] credibility." United States v. Hursh, 217 F.3d 761, 768 (9th Cir. 2000). Here, the factors support admission of plaintiff's 2007 conviction of falsely representing herself to a peace officer because plaintiff's credibility is of critical importance to her claims that Officer Villa's conduct constitutes sexual harassment and to her claims that she in fact experienced retaliation by the Huntington Beach Police Department for filing her sexual harassment complaint against Officer Villa. Moreover, as detailed below, plaintiff has been convicted of multiple crimes involving a dishonest act or a false statement over the past 20 years—as recently as 2026.

Second, the Court finds that defendants provided "reasonable written notice" to plaintiff of their intent to use plaintiff's 2007 and 2014 convictions. Defendants provided written notice of plaintiff's convictions at least since filing their motion for summary judgment on February 13, 2026. Dkt. 42. Specifically, in defendants' statement of uncontroverted facts ("SUF") accompanying their motion, defendants state that "Plaintiff has been convicted of misdemeanor forgery and receipt of stolen property in 2013 [sic—plaintiff was charged in 2013 but convicted in 2014]. Ex. K," and that "Plaintiff sustained a felony conviction in 2007 for falsely representing herself to an officer, and unrelated drug charges. Ex. J." Dkt. 42-2 (SUF Nos. 315, 316). Defendants further attached plaintiff's Orange County Superior Court online criminal history records that substantiate plaintiff's convictions for these crimes and the dates of her convictions. Dkt. 42-4 (Exs. J, K). In her March 1, 2026 response to defendants' motion for summary judgment and SUF, plaintiff "[a]dmitted … [the] existence of [her] criminal history" with respect to her 2007 and 2014 convictions. Dkt. 45. Thus, at least since March 1, 2026, plaintiff had written notice of defendants' knowledge of her convictions and, presumably, their intent to use them. Moreover, that plaintiff on March 30, 2026 filed her instant motion *in*

---

involved." Fed. R. Evid. 609 Advisory Committee's Note (Notes of Conference Committee, House Report No. 93–1597).

*limine* to exclude any reference to her prior convictions further demonstrates that she received actual notice of defendants' intent to use her convictions and that she had a fair opportunity to contest their use. See United States v. Itum, No. 2:23-CR-00082-VAP-1, 2024 WL 196481, at *2 (C.D. Cal. Jan. 18, 2024) (finding that reasonable written notice was provided in the government's trial memorandum, "as evidenced by [the] Defendant [subsequently] filing the instant [m]otion [*in limine*].").

Accordingly, pursuant to Rule 609(b), the Court finds that plaintiff's 2007 conviction of falsely representing herself to a peace officer should be admitted.

2. 2014 Convictions

Plaintiff's 2014 convictions for receiving stolen property under California Penal Code 496(a) and possession of a check or similar instrument with intent to defraud under California Penal Code 475(b) are subject to Rule 609(b) because they are more than ten years old. See Dkt. 86 at 3 (defendants stating that plaintiff's 2014 convictions fall within Rule 609(b)); see also dkt. 42-4, Ex. K (plaintiff's Orange County Superior Court online criminal history record stating that with respect to her 2014 convictions, she was sentenced to 120 days in jail on February 6, 2014, and was sentenced to 8 days in jail on April 3, 2015).

For similar reasons as discussed with respect to plaintiff's 2007 conviction for falsely representing herself to a peace officer, the Court finds that the probative value of plaintiff's 2014 convictions substantially outweighs their prejudicial effect. Fed. R. Evid. 609(b). Moreover, as discussed, defendants provided plaintiff with "reasonable written notice" of their intent to use plaintiff's 2014 convictions to impeach her.

Accordingly, pursuant to Rule 609(b), the Court finds that plaintiff's 2014 convictions for receiving stolen property under California Penal Code 496(a) and possession of a check or similar instrument with intent to defraud under California Penal Code 475(b) should be admitted.

3. 2026 Convictions

As to plaintiff's 2026 guilty pleas "to possession of a forged driver's license and identification card to facilitate forgery and two counts of identity theft with intent to defraud," they must be admitted under Rule 609(a)(2) because they are convictions involving a dishonest act or a false statement that are less than ten years old. See Brewer

v. City of Napa, 210 F.3d 1093, 1096 (9th Cir. 2000) (Rule 609 "does not distinguish between convictions resulting from a guilty verdict or plea") (quotation omitted).

## V. CONCLUSION

Accordingly, the Court **DENIES** Officer Villa's first motion *in limine*. The Court **ORDERS** plaintiff to make herself immediately available for a deposition, regarding her untimely-disclosed evidence, that shall occur no later than May 5, 2026.

Accordingly, the Court **GRANTS** Officer Villa's second motion *in limine* and to preclude plaintiff from seeking to offer evidence of insurance for any purpose.

Accordingly, the Court **DENIES** Officer Villa's third motion *in limine*, subject to plaintiff's establishing that the messages were authored or were expressly or impliedly authorized by defendants.

The Court **DENIES** Officer Villa's fourth motion *in limine* to exclude the video recording from plaintiff's home camera, subject to plaintiff's authentication of the video.

The Court **GRANTS** the City's motion *in limine* to the extent that it seeks to preclude plaintiff from offering her legal opinion as to the lawfulness of the traffic stops she was allegedly subjected to.

The Court **DENIES** plaintiff's motion to exclude evidence of her 2025 charges arising from a traffic stop, including her charges for possession of a controlled substance and drug paraphernalia.

The Court **GRANTS** plaintiff's motion to exclude her 2007 convictions for possession of possession of a controlled substance, drug paraphernalia, being under the influence of a controlled substance, and unauthorized possession of a hypodermic needle or syringe.

The Court **DENIES** plaintiff's motion to exclude her 2007 conviction for falsely representing herself to a peace officer.

The Court **DENIES** plaintiff's motion to exclude her 2014 convictions for receiving stolen property under California Penal Code 496(a) and possession of a check or similar instrument with intent to defraud under California Penal Code 475(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02700-CAS-JDEx | Date | July 15, 2026 |
| Title | Ashley Bauer-Oldfield v. City of Huntington Beach et al | | |

The Court **DENIES** plaintiff's motion to exclude her 2026 convictions for possession of a forged driver's license and identification card to facilitate forgery and two counts of identity theft with intent to defraud.

IT IS SO ORDERED.

00 : 00

Initials of Preparer CMJ